Commonwealth ex rel. McMorris, Appellant, *v.* Claudy.

284

Argued November 12, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Cambridge L. McMorris,* appellant, in propria persona, submitted a brief.

*John K. Best,* Assistant District Attorney, with him *L. Alexander Sculco,* District Attorney, for appellee.

PER CURIAM, January 20, 1953:

This is an appeal by relator from the dismissal of his petition for writ of habeas corpus by the Court of Common Pleas of Westmoreland County on July 8, 1952, at No. 212, August Term, 1952.[1] The present petition is merely an elaboration of petition for writ

---

[1] Relator and one Joshua Butler were charged with burglary, larceny, and receiving stolen goods; they being represented by counsel were tried and convicted in the Court of Oyer and Terminer of Westmoreland County. Each was sentenced to a term of not less than eight years nor more than twenty years in the Western State Penitentiary. See *Com. ex rel. Butler v. Claudy,* 171 Pa. Superior Ct. 573, 91 A. 2d 318.

of habeas corpus filed by relator in the Supreme Court of Pennsylvania at No. 1631, Miscellaneous Docket, Western District, on January 5, 1950. The averments in relator's petition to the Supreme Court were to the effect that, after his arrest on March 13, 1948, he had been held in the Westmoreland County Jail for seven days, during which period he was not given a hearing and was denied the right to have counsel; that he was denied the right to be in court at the time the jury was selected for his trial; and that he was not taken before the court when the verdict of the jury was returned. The Supreme Court by its order of February 8, 1950, remitted the petition and answers to the Court of Quarter Sessions of Westmoreland County for hearing on the material averments of relator's petition. In accordance therewith a hearing was held at which relator was represented by counsel and testified. The testimony together with the findings of fact[2] of the

---

[2] President Judge LAIRD made the following findings of fact:

"1. Petitioner, Cambridge McMorris, did not deny that he was guilty of the crime, of which he was convicted.

"2. Petitioner called no disinterested witness in his behalf.

"3. Petitioner took the witness stand himself, but called no witnesses except his accomplice, Joshua Butler.

"4. Petitioner was arrested March 15, 1948, on information made before, and warrant issued by, Henry Frederickson, an Alderman of the City of Greensburg, Westmoreland County, Pennsylvania, the same day, charging him with burglary, larceny and receiving stolen property and in default of bail was committed to the county jail.

"5. After preliminary hearing had by Henry Frederickson, Alderman, March 20, 1948, petitioner was held for court.

"6. May 4, 1948, an indictment charging Cambridge McMorris with burglary, larceny and receiving stolen property was presented to the Westmoreland County Grand Jury and the same day that body returned a true bill to No. 171 May Term, 1948, Quarter Sessions, which was, in due course, certified to the Court of Oyer and Terminer and General Jail Delivery to No. 8 May Term, 1948.

hearing judge were submitted to the Supreme Court, which, on March 10, 1950, dismissed relator's petition. On May 29, 1950, the Supreme Court of the United States denied a petition for a writ of certiorari.

The matter having been adjudicated by the Supreme Court of Pennsylvania, the court below properly dismissed relator's petition and discharged the rule which

"7. Petitioner was at no time held incommunicado or denied the right of counsel or 'legal aid.'

"8. Cambridge McMorris being charged with a felony under the laws of the Commonwealth of Pennsylvania was not denied any right or privilege guaranteed him by the laws and Constitution of the United States or the State of Pennsylvania, except his liberty from March 15, 1948, the date of his arrest, to May 27, 1948, the date of his trial.

"9. At his trial for burglary, etc. in the Court of Oyer and Terminer and General Jail Delivery in and for the County of Westmoreland, Pennsylvania, Cambridge McMorris was represented by able professional Counsel engaged by him, and with Counsel's consent and approval entered a plea of not guilty.

"10. The record in the Clerk's office shows that on May 27, 1948, the defendants being arraigned, plead not guilty and then the jury was called and sworn.

"11. The record in the Clerk's office does not show whether Cambridge McMorris was or was not present in open court on May 27, 1948, when the jury returned a verdict of 'guilty as indicted' against him.

"12. Cambridge McMorris having plead not guilty was present in open court May 27, 1948, seated at the counsel table, with his Counsel when the jury, which tried him was being called, selected and sworn, and his Counsel accepted the first twelve jurors called without a challenge.

"13. Cambridge McMorris was present in open court on May 27, 1948, when the jury empanneled in the case of the Commonwealth against him at No. 8 May Term, 1948, in the Court of Oyer and Terminer of Westmoreland County, Pennsylvania, returned a verdict of 'guilty as indicted.'

"14. At all times during his confinement in the Westmoreland County Jail, Cambridge McMorris was free to, and did, secure able legal Counsel."

had been granted. *Com. ex rel. Banks v. Claudy,* 370 Pa. 190, 88 A. 2d 53; *Com. ex rel. Campbell v. Claudy,* 171 Pa. Superior Ct. 282, 89 A. 2d 895. Under the circumstances, no hearing on the petition and answers was necessary. See *Com. ex rel. Rogers v. Claudy,* 170 Pa. Superior Ct. 639, 90 A. 2d 382.

It further appears that relator had filed a similar petition for writ of habeas corpus in the Court of Common Pleas of Westmoreland County at No. 467, August Term, 1951.[3] On August 20, 1951, this petition was denied for the reason that the matters alleged had been adjudicated by the Supreme Court of this Commonwealth by its order of dismissal of relator's petition on March 10, 1950, at No. 1631, Miscellaneous Docket, Western District. There was no appeal from this action of the Court of Common Pleas of Westmoreland County. See *Com. ex rel. Allen v. Claudy,* 170 Pa. Superior Ct. 499, 87 A. 2d 74.

Appeal is dismissed.

---

[3] Relator previously presented his petition for writ of habeas corpus to the Court of Common Pleas of Allegheny County at No. 2822, October Term, 1949-B, which was refused by that court.