## Commonwealth ex rel. Weber, Appellant, v. Burke.

Submitted October 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

Raymond Weber, appellant, in propria persona.

G. Thomas Gates, Assistant District Attorney and Frank P. Lawley, Deputy Attorney General, for appellee.

OPINION BY ROSS, J., December 29, 1953:

Relator, Raymond Weber, filed a petition for writ of habeas corpus in the Court of Common Pleas of Lebanon County. A hearing was held and relator, represented by counsel, appeared and testified. The petition was denied, the writ refused, and relator has appealed to this Court.

Relator with two confederates, Earl Firestone and Frank Stadler, broke into a feed mill in Elizabethtown, Lancaster County, during the early morning hours of January 21, 1950. The men entered the building with the intention of taking and carrying away the contents of a safe located therein. Before they were able to make off with the contents of the safe, however, the feed mill was surrounded by police officers who had followed the trio of criminals from Lebanon, Lebanon County. The police officers, several State policemen and two Lebanon County officers, exchanged shots with the men in the building. Stadler was shot and killed and relator and Firestone were taken into custody by the police. After his arrest relator was returned to Lebanon County to account for his participation in certain burglaries which occurred in that county and on January 21, 1950 was committed to the Lebanon County jail. He contends that his return to Lebanon County was illegal but this conten-

tion is without merit. On May 26, 1950 he pleaded guilty to four bills of indictment for burglaries committed in Lebanon County and was sentenced on each of the bills for a term of not less than two years nor more than four years, the sentences to be consecutive and to begin January 21, 1950.

Relator complains that he was "imprisoned in the . . . County Jail, from January 24, to May 26, 1950, approximately four (4) months and one (1) day without being given a hearing or arraigned before any Judicial Officer of Pennsylvania, on the said charges of Burglary Bills . . ." The record refutes this assertion. The preliminary informations upon which the bills of indictment were based were made before an alderman in Lebanon. Relator appeared before the alderman with his attorney, signed a confession, waived a preliminary hearing and was committed to the Lebanon County jail.

Relator further complains that his "confession or plea" to the Lebanon County burglaries was obtained "by means of duress or compulsion". The court below, after reviewing the testimony in some detail, stated in its opinion: "Relator's evidence is contradictory and evasive, and is controverted by the evidence of the prosecuting officers and also the records of the Court of Oyer and Terminer of Lebanon County, and he is not entitled to belief." Under the Act of May 25, 1951, P. L. 415, 12 PS sec. 1907, this Court is "not an independent finder of facts; that now is the sole function of the hearing judge and his estimates as to the credibility of witnesses and the weight of their testimony are conclusive in the absence of a clear abuse of discretion." *Com. ex rel. Carlini v. Burke*, 172 Pa. Superior Ct. 116, 120, 92 A. 2d 267.

There is in the present case a complete failure on the part of the relator to establish any overreaching

or deception by the police or other prosecuting officials. Relator is a mature individual with vast experience in the criminal courts of several states and in the Federal District Court in Florida. A partial list of the crimes attributed to and admitted by relator includes illegal sale of racing tickets, violation of the Uniform Fire Arms Act, violation of the Mann Act, larceny and rape. Relator was represented by counsel when he waived a preliminary hearing, when he entered his pleas and at the hearing on the instant petition. There is no escape from the conclusion that he knew precisely what he was about when he pleaded guilty to four burglary bills and received sentences well below the maximum on each.

Order affirmed.