Commonwealth ex rel. Fox, Appellant, *v.* Tees.

Submitted March 25, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Robert Fox,* appellant, in propria persona.

*Armand Della Porta* and *Samuel Dash,* Assistant District Attorneys, *Michael von Moschzisker,* First As-

sistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

PER CURIAM, July 13, 1954:

This appeal is from an order of the Court of Common Pleas No. 7 of Philadelphia County (No. 3290, September Term, 1953), dismissing relator's petition for writ of habeas corpus.

On December 8, 1952, relator was tried before Honorable CYRUS M. PALMER of the Twenty-first Judicial District, specially presiding, in the Court of Quarter Sessions of Philadelphia County, on four bills of indictment, Nos. 1230, 1231, 1232, 1233, November Sessions, 1952, charging conspiracy to rob, attempted robbery, aggravated assault and battery, and carrying concealed deadly weapons. Relator, together with his counsel, Herman I. Pollock, Esq., Voluntary Defender, duly signed a waiver of jury trial. At the conclusion of the testimony relator was found guilty by the trial judge on bills Nos. 1230, 1231, and 1233. On bill No. 1232 a nol. pros. was entered. Relator was sentenced to the Eastern State Penitentiary for a term of not less than two years nor more than four years on bill No. 1230 charging conspiracy to rob; sentence was suspended on bills Nos. 1231 and 1233.

On relator's appeal to this Court from the dismissal of his petition for writ of habeas corpus, the questions raised are limited to the following: (1) That he was not confronted by his accusers; (2) that the crimes charged against him were not established; (3) that he was convicted on hearsay evidence; and (4) that a confession of an accomplice was improperly introduced in evidence.

It is obvious that the questions presented by relator relate largely to the sufficiency of the evidence upon which his convictions were based. Our appellate courts

have frequently stated that a writ of habeas corpus is not a substitute for a motion for a new trial or for an appeal or for a writ of error; and the sufficiency of the evidence to sustain a conviction cannot be raised in a habeas corpus proceeding. *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 126, 75 A. 2d 593; *Com. ex rel. Cameron v. Burke,* 172 Pa. Superior Ct. 26, 92 A. 2d 255.

At his trial relator was confronted by the witnesses[1] who testified for the Commonwealth, one of whom was an eyewitness to the incident from which the charges against relator arose; and, as the court below found after the hearing on the petition for writ of habeas corpus, relator was represented by competent counsel.

Order is affirmed.

---

[1] See Const. Art. I, §9, PS.