Commonwealth ex rel. Bruce, Appellant, *v.* Tees.

Submitted September 28, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*John W. Bruce,* appellant, in propria persona.

*Armand Della Porta* and *Samuel Dash,* Assistant District Attorneys, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

PER CURIAM, January 14, 1955:

Relator was indicted in Philadelphia County on four bills each charging sodomy. On January 24, 1947, he pleaded guilty. He was then sentenced in the Court of Oyer and Terminer to a term of not less than five years nor more than ten years in the Eastern State Penitentiary.

His present appeal is from the order of the Court of Common Pleas No. 3 of Philadelphia County dismissing his petition for a writ of habeas corpus. This is the latest of a number of habeas corpus proceedings initiated by the relator in both the Federal courts and the courts of this Commonwealth. We have frequently made reference to the fact that repetitious petitions

for writ of habeas corpus cannot be employed as a device to secure appellate review of adjudicated matters. *Com. ex rel. Allen v. Claudy,* 170 Pa. Superior Ct. 499, 503, 87 A. 2d 74. Relator was previously before this Court, the last decision being reported as *Com. ex rel. Bruce v. Burke,* 170 Pa. Superior Ct. 642, 90 A. 2d 258.

In view of what we stated in that opinion, there is no valid reason warranting the present appeal. None of his arguments has any merit.

Although not raised in the lower court, relator suggests in his brief that he was denied due process when he entered his pleas of guilty. This matter was thoroughly considered in his former appeal and his contention was rejected. Likewise was his complaint that the young man involved in the charges did not appear and testify against him. We stated in our former opinion the obvious rule that, when a defendant pleads guilty, there is no trial, and the right to be confronted by any witness is not involved, citing *Com. ex rel. Hovis v. Ashe,* 165 Pa. Superior Ct. 30, 67 A. 2d 770.

In his petition relator avers that there was "insufficient evidence in support of indictments," and that "the State has not shown or proven that the offence of sodomy was committed." In his brief he contends that it has not been established that the offense was committed within the jurisdiction of the court that sentenced him. Notwithstanding his extensive experience relator does not seem to comprehend that a plea of guilty admits the facts pleaded in an indictment, and that no issues are raised thereby. *Commonwealth of Pennsylvania ex rel. Spader v. Burke,* 74 F. Supp. 850. Corroborating evidence is not required. *Com. ex rel. Martin v. Baldi,* 174 Pa. Superior Ct. 111, 100 A. 2d 142.

The order is affirmed.