**Commonwealth ex rel. Yeschenko, Appellant, *v.* Keenan.**

146

Submitted April 13, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*George Yeschenko*, appellant, in propria persona.

*James F. Malone, Jr.*, District Attorney, and *Albert A. Fiok*, Assistant District Attorney, for appellee.

OPINION BY ROSS, J., July 21, 1955:

George Yeschenko appeals from the dismissal of his petition for a writ of error coram nobis, treated by the court below as a petition for a writ of habeas corpus. Appellant, on February 7, 1952, pleaded guilty to assault with intent to commit robbery, aggravated assault and battery, and to pointing firearms. He was sentenced to imprisonment for a period of from five to ten years on the assault with intent to commit robbery charge, and for a term of from one to two years on each of the other two charges, the latter sentences to run concurrently with the five to ten year sentence. Apparently no appeal was taken. It appears, therefore, that he has served the one to two year sentences and has, as a practical matter, nothing to gain by his attack upon them.

148

Appellant raises essentially two questions: (1) Is the writ of error coram nobis the proper remedy to attack a sentence upon a plea of guilty and was it thus error for the court below to consider the petition as one for a writ of habeas corpus, and (2) Did the evidence sustain his conviction of assault with intent to commit robbery despite the fact that he pleaded guilty? He raised numerous other questions in the court below.

A writ of error coram nobis functions only to bring before the court which rendered the judgment such matters of fact which were unknown at the time judgment was rendered but which, had they been known, would have prevented rendition of the judgment. It is designed to correct errors of fact only and cannot be used to correct errors of law. *Com. v. Harris*, 351 Pa. 325, 328, 41 A. 2d 688; *Com. v. Connelly*, 172 Pa. Superior Ct. 363, 365, 94 A. 2d 68. Clearly the writ is not proper here. Appellant in his petition raised only a number of legal questions. He brought before the court no previously unknown facts whatever. His petition asserted that the sentences were illegal because: his court-appointed counsel did not properly represent him; his prior criminal record was not properly introduced in evidence; two of the charges should have merged; and the evidence was insufficient to sustain the convictions. These are not properly raised in a writ of error coram nobis. These assertions, though often improperly so, are usually found in a petition for habeas corpus and it was not error for the court below to consider the petition as such in the instant case.

The reasons asserted in the petition for the illegality of the confinement are matters which should properly have been raised on an appeal from the conviction. We have repeatedly held that a habeas corpus

proceeding is not a substitute for an appeal. *Com. ex rel. Fox v. Tees,* 175 Pa. Superior Ct. 453, 106 A. 2d 878.

However, in the hope that by discussing the merits we shall forestall future petitions by the same petitioner raising the same questions, we shall dispose of his various contentions. Appellant was ably represented by a reputable and experienced member of the Bar who was court-appointed to advise and defend him. Even without counsel appellant was of the age and experience to realize the gravity of the charges to which he pleaded guilty. It was thus necessary for him to produce proof that some element of unfairness or prejudice surrounded his plea, his bald assertions and conclusions carrying no weight whatever. The law presumes that the proceedings at his trial were regular. *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 485, 87 A. 2d 489. It is also presumed that he was aware of the charges to which he pleaded guilty. *Com. ex rel. Jenkins v. Ashe,* 341 Pa. 334, 336, 19 A. 2d 472.

Appellant's contention that the charges of assault with intent to commit robbery and aggravated assault and battery should have merged as being two charges growing out of the same assault is amply answered by his own recital of the facts, which shows that they are two separate and distinct assaults, not the same one. In order for a merger to occur it was necessary that the one crime involve the other. *Com. ex rel. Sawchak v. Ashe,* 169 Pa. Superior Ct. 529, 536, 83 A. 2d 497; *Com. ex rel. Kitzinger v. Claudy,* 173 Pa. Superior Ct. 453, 457, 98 A. 2d 457. Here appellant has not only failed to show that they are one and the same assault but he has indicated their distinction.

So too, appellant's contention regarding the sufficiency of the evidence was properly dismissed. Appel-

lant ignores the fact that he voluntarily pleaded guilty to the charges and, therefore, no trial was held, as well as the established rule that the sufficiency of the evidence to sustain a conviction cannot be raised in a habeas corpus proceeding. *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 126, 75 A. 2d 593; *Com ex rel. Fox v. Tees,* supra, 175 Pa. Superior Ct. 453, 455, 106 A. 2d 878.

Appellant's final contention—that the court erred in receiving testimony concerning his prior criminal record—is likewise of no avail. It is a matter which could be attacked only on appeal, if it were error at all. *Com. ex rel. Johnson v. Burke,* 173 Pa. Superior Ct. 105, 108, 93 A. 2d 876. Furthermore, since appellant pleaded guilty it appears to have been received by the court in aid of exercising its discretion in passing sentence. *Com. v. Petrillo,* 340 Pa. 33, 47, 16 A. 2d 50.

We conclude, therefore, that appellant has failed to sustain his burden of showing an adequate legal basis for the granting of either the writ of error coram nobis or the writ of habeas corpus, and his petition was, therefore, properly dismissed.

Order affirmed.