Commonwealth ex rel. Ridenour, Appellant *v.* McHugh.

70

Argued April 13, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

 

*Kaminsky & Kelly,* for relator.

*J. Murray Buterbaugh,* District Attorney, for respondents.

OPINION BY WRIGHT, J., July 21, 1955:

William Ridenour petitioned the Court of Common Pleas of Indiana County for a writ of habeas corpus. He was at the time confined in the Cambria County Prison under detainer of the Pennsylvania Board of Parole, but is now an inmate of the Western Penitentiary. He has appealed from the dismissal of his petition and states that the question before us is as follows: "Has the petitioner been deprived of due process of law by the sentencing Judge, and by the denial of counsel on his previous petition for Writ of Habeas Corpus?"

The record discloses that, on August 3, 1942, an information was made against appellant charging robbery by assault, and aggravated assault and battery.

Appellant was arrested the next day and taken to the office of the Justice of the Peace where he acknowledged his guilt. The case was docketed in the Court of Quarter Sessions to No. 59 June Sessions, 1942, but no formal disposition was made thereof until April 5, 1943[1]. On that date appellant was brought before the court on the charge in question, as well as two additional charges, one of larceny of an automobile and one of burglary, docketed respectively to Nos. 35 and 36 March Sessions 1943. Appellant entered pleas of guilty to all three charges. On bill 59 June 1952, he was sentenced to the Western Penitentiary for not less than five nor more than ten years. On bill 36 March 1943, he was sentenced for not less than two and a half nor more than five years, to run consecutively. On bill 35 March 1943, he was sentenced for not less than one nor more than two years, to run concurrently.

On April 11, 1950, appellant filed with the Supreme Court of Pennsylvania (No. 1670 Miscellaneous Docket) a petition for writ of habeas corpus wherein he alleged that the sentence of April 5, 1943, at No. 59 June Sessions 1942, was void. His position was that he had actually entered a plea of guilty on August 24, 1942, and "that the court lost its power to impose sentence at the expiration of the June 1942 Term". He also raised the question that he had not been represented by counsel at any time. The Supreme Court

---

[1] It appears that appellant came before the court on August 24, 1942, at which time he indicated a desire to enter the military service. Judge Creps states that "no formal plea was entered and defendant was remanded back to jail to see what could be done about his acceptance into the army. . . Ultimately, he was released on January 10, 1943, so as to be able to make further efforts to enter the military service. During that period, defendant admittedly committed two other offenses".

granted a rule to show cause why a writ should not issue. Answers were filed by the district attorney and the warden of the penitentiary, and a "rebuttal" by the appellant. Thereafter the record was remitted to the Court of Quarter Sessions of Indiana County[2]. On June 28, 1950, there was a hearing before the lower court, at which time appellant and the clerk of the court both testified. Thereafter the lower court filed with the Supreme Court a report in which it was found as a fact that "the formal plea of guilt to the indictment at No. 59 June Sessions, 1942, was entered in open court on April 5, 1943, at which time defendant-relator signed the written statement endorsed on the bill of indictment". On August 19, 1950, appellant presented to the Supreme Court a brief wherein he set forth, inter alia, the additional averment that he had requested the lower court to appoint counsel for him in the habeas corpus proceeding, which request was refused in violation of the due process clause in the Constitution of the United States. On September 23, 1950, the Supreme Court, without an opinion, entered an order dismissing the petition.

In the present proceeding, appellant alleges "that he was deprived of his constitutional right by not having the advice of counsel and that the court erred in sentencing him to the charge entered to No. 59 June Term, 1942".

First considering the sentence of April 5, 1943, at No. 59 June Term 1952, we conclude that it was valid.

---

[2] "AND NOW, June 3, 1950, the record is remitted to the Court of Quarter Sessions of the Peace of Indiana County with direction to afford relator an opportunity to support, by competent testimony, the material averments of his petition, and so that the Commonwealth may have an opportunity to rebut such evidence. Upon a hearing, that court will remit the record with its findings of fact to this Court without delay".

The matter was fully passed upon by the lower court in the prior proceeding and we have had the advantage of reviewing the record therein. See *Commonwealth ex rel. Wagner v. Tees,* 174 Pa. Superior Ct. 475, 101 A. 2d 770; *Commonwealth ex rel. Perino v. Burke,* 175 Pa. Superior Ct. 291, 104 A. 2d 163. In that proceeding the burden was upon appellant to affirmatively establish the circumstances entitling him to relief: *Commonwealth ex rel. Sell v. Burke,* 174 Pa. Superior Ct. 233, 101 A. 2d 415. The record of the sentence was before the lower court at the time of hearing. See *Commonwealth ex rel. Herman v. Claudy,* 176 Pa. Superior Ct. 387, 107 A. 2d 595. Appellant was bound by that record until the contrary affirmatively and competently appeared: *Commonwealth ex rel. Comer v. Claudy,* 174 Pa. Superior Ct. 494, 102 A. 2d 227. The credibility of the witnesses and weight to be given their testimony was for the hearing judge: *Commonwealth ex rel. Weber v. Burke,* 174 Pa. Superior Ct. 469, 101 A. 2d 154.

Coming now to appellant's contention that he was deprived of counsel, the phrasing of the question indicates that the complaint is directed to the absence of counsel at the time of the hearing on the previous petition. However, the argument appears to be directed to the absence of counsel at the time the plea of guilty was entered. In the first connection, it must be borne in mind that habeas corpus is a civil remedy: *Commonwealth ex rel. Paylor v. Claudy,* 366 Pa. 282, 77 A. 2d 350. We are not aware of any rule requiring the appointment of counsel in a habeas corpus proceeding. See *Commonwealth ex rel. Johnson v. Burke,* 173 Pa. Superior Ct. 105, 93 A. 2d 876. In the second connection, there was no testimony that appellant was the victim of unfairness by reason of the fact that he was not represented at the time of his plea. Our review of

the record of the hearing indicates that he was aware of the gravity of the crimes of which he was accused and, further, that he made no request for counsel, nor was any advantage taken of him which might have been prevented by the presence of an attorney. To invalidate a plea of guilty in a non-capital case by reason of denial of due process of law arising from a failure to provide counsel, the prisoner must establish that an ingredient of unfairness actively operated in the process that resulted in his confinement: *Commonwealth ex rel. Johnson v. Burke,* 174 Pa. Superior Ct. 119, 100 A. 2d 125. See also *Commonwealth ex rel. Swieczkowski v. Burke,* 173 Pa. Superior Ct. 363, 98 A. 2d 229; *Commonwealth ex rel. La Tempa v. Burke,* 175 Pa. Superior Ct. 513, 105 A. 2d 134. Moreover, without detailing it here, appellant's previous experience in criminal proceedings was pertinent in ascertaining whether he was aware of the gravity of the offenses with which he was charged, and was competent to protect his legal and constitutional rights. See *Commonwealth ex rel. Richter v. Burke,* 175 Pa. Superior Ct. 255, 103 A. 2d 293.

Finally, in dismissing the prior petition, the Supreme Court has already passed upon all the questions here raised adversely to appellant's contentions. See *Commonwealth ex rel. Lorenzo v. Claudy,* 172 Pa. Superior Ct. 240, 93 A. 2d 911; *Commonwealth ex rel. McMorris v. Claudy,* 172 Pa. Superior Ct. 283, 94 A. 2d 108. Repetitious petitions for habeas corpus should not be employed as a device to secure appellate review of adjudicated matters: *Commonwealth ex rel. Bruce v. Tees,* 177 Pa. Superior Ct. 63, 110 A. 2d 838.

Judgment affirmed.