Commonwealth ex rel. Dempsey, Appellant, *v.* Martin.

Submitted March 27, 1956.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Charles Dempsey,* appellant, in propria persona.

*Francis A. Biunno, Victor Wright* and *Christopher F. Edley,* Assistant District Attorneys, *Vincent G. Panati,* First Assistant District Attorney, *Victor H. Blanc,* District Attorney and *James N. Lafferty,* Deputy District Attorney, for appellee.

OPINION BY CARR, J., July 17, 1956:

This is an appeal from the order of the court below dismissing relator's petition for writ of habeas corpus.

It appears that on December 18, 1936 appellant pleaded guilty to four indictments charging entering with intent to steal and receiving stolen goods; one indictment of attempting to enter with intent to steal, two indictments of larceny of an automobile; and one indictment charging him with escape.

Relator also contends that his confinement by virtue of sentences imposed on April 21, 1947 is illegal.   On

that date relator pleaded guilty to seven charges of armed robbery and carrying a concealed deadly weapon.

From the answer of the warden of the Eastern State Penitentiary, it appears that relator is presently confined by virtue of sentences imposed at No. 292 April Term, 1947 for armed robbery for which he received the sentence of six to twenty years, and No. 274 April Term, 1947 in which he received the sentence of six to fifteen years to run consecutively. Since the record discloses that relator is not confined by reason of any sentences imposed in 1936, his attack on the legality of those sentences will not be considered.

The court below granted a hearing on the petition for writ of habeas corpus. From the statements of relator at that hearing and from the pleadings it appears that the basis for his petition are:

1. That he was not represented by counsel at the time of sentence.

2. That he did not intend to plead guilty to all of the indictments.

3. That the sentences are excessive.

Relator's contention that he did not have counsel in 1947 when he pleaded guilty and was sentenced on seven separate indictments is without merit. In 1936 when relator was represented by counsel he entered pleas of guilty to seven indictments and subsequently escaped and entered a plea to an indictment charging him with escape from imprisonment. He therefore was acquainted with the procedure in criminal court. He was not prejudiced by the failure of the court to appoint counsel for him and there is no evidence that he requested the court so to do. *Com. ex rel. Slifko vs. Ashe*, 144 Pa. Superior Ct. 593; *Com. ex rel. Popovich vs. Claudy*, 170 Pa. Superior Ct. 482.

We have examined the indictments to Nos. 274, 279, 280, 283, 288, 292 and 311 April Sessions, 1947. Each

indictment contains the endorsement that the defendants were arraigned and plead guilty. Although the pleas of guilty were not signed by the defendant they constitute the record of the criminal proceeding and, therefore, are presumed to be regular. Relator, in the hearing in the court below, stated that he pleaded guilty to some charges and not guilty to others but was not informed of which charges he had actually entered a plea. The court below had an opportunity to observe the relator and pass upon his credibility. The bald averment by the relator that he did not intend to plead guilty to all of the indictments does not conform to the standard of proof necessary to successfully attack the sentence and judgment of the court. *Com. ex rel. Schuch vs. Burke,* 174 Pa. Superior Ct. 137, 141. In determining the credibility of the relator the court below would have been warranted in considering the allegation that relator intended to plead to only one indictment in light of the fact that he did not complain of his sentences for more than eight years from the time they were imposed.

Relator's contention that his sentences are excessive appear to be the result of the imposition of consecutive sentences. The maximum sentence for armed robbery is twenty years. Act of 1939, P.L. 872, Sec. 705, 18 Purdon Statute 4705. Relator was sentenced to six to twenty years and six to fifteen years, the second sentence to run consecutively. Although the cumulative effect of the sentence is twelve to thirty-five years, the sentences are within the maximum prescribed by law. This court will not review the severity of the sentence if the sentence is valid. *Com. ex rel. Gryger vs. Burke,* 173 Pa. Superior Ct. 458, 470.

Judgment affirmed.