## Commonwealth ex rel. Spader v. Myers

*Albert Spader*, P.P., for relator.

*Victor Blanc*, District Attorney, for Commonwealth.

SLOANE, P. J., May 28, 1959.—In January 1940, after pleading guilty in open court to five bills of indictment charging him with assault with intent to rob and robbery in two counts, assault with intent to kill upon three different police officers and carrying a concealed deadly weapon, relator was sentenced by the late Judge McDevitt on each bill, sentences to run consecutively.

In October 1951, relator petitioned for habeas corpus in Court of Common Pleas No. 4, contending a void sentence because the trial judge had orally sentenced him to a term of 20 years, six months, to 41 years on all five bills of indictment. At hearing, Judge Levinthal dismissed the petition. After relator had filed an appeal heard on briefs without argument, the Superior Court noted that he was paroled two months afterward and dismissed the appeal as moot: Commonwealth ex rel. Spader v. Burke, 171 Pa. Superior Ct. 289. It would appear that relator violated his parole and was recommitted to prison, for in March 1958, he again petitioned the court for a writ of habeas corpus. At hearing, relator argued that he had pleaded guilty only to the robbery bill, that he was held incommunicado for 17 days before a preliminary hearing was had, that the trial judge uttered highly prejudicial remarks

before imposing sentence, that he did not waive jury trial in writing, that the judge pronounced an oral sentence, illegal in that it was "lumped" and exceeded the allowable maximum for any one of the crimes charged and consequently he was denied due process. The petition was dismissed: Commonwealth ex rel. Spader v. Myers, Court of Common Pleas No. 4, March term 1958, no. 1425. On appeal, the Superior Court carefully examined each of relator's contentions, found that his credibility fell before the record and sustained the lower court's denial of the writ: Commonwealth ex rel. Spader v. Myers, 187 Pa. Superior Ct. 654.

Now relator argues perjured testimony, a prejudiced judge and district attorney, and mob violence, and he petitions for a writ of coram nobis.

Historically, this extraordinary writ allowed the record to remain in King's Bench where a proceeding was had to demonstrate new facts, dehors the record, upon which the same court could reform its judgment.* The writ lies to yield entry to facts which, if known, would have prevented the first judgment: Commonwealth v. Mathews, 356 Pa. 100; Commonwealth v. Harris, 351 Pa. 325. Relator offers vague contentions going to the conduct of the trial, rather than facts extrinsic to the original record which would prevent the judgment rendered. Were we to consider his petition as one for habeas corpus, as we may (see Commonwealth ex rel. Yeschenko v. Keenan, 179 Pa. Superior Ct. 145, 148), the result would remain. Relator cannot have correction of trial errors by habeas corpus: Commonwealth ex rel. Norman v. Banmiller, 395 Pa. 232; Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124; Commonwealth ex rel. Ketter v. Day, 181 Pa. Superior Ct. 271. The orderly administration of law

---

* 3 Blackstone, Commentaries on the Laws of England, Lewis Edition (1902), p. 1368, footnote 28.

no less than the protection of society requires a finality of judgment at some point: Commonwealth ex rel. Norman v. Banmiller, 395 Pa. 232, 237.

The writ of coram nobis was denied.