Commonwealth ex rel. Schenck, Appellant, *v.* Banmiller.

Submitted June 12, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William Schenck,* appellant, in propria persona.

*Juanita Kidd Stout,* Assistant District Attorney, with her *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY GUNTHER, J., September 16, 1959:

This is an appeal from the dismissal of a petition for writ of habeas corpus. On April 14, 1948, appellant, William Schenck was sentenced, after a plea of guilty to each of two indictments charging sodomy, to consecutive terms of not less than five nor more than ten years in the Eastern State Penitentiary. He was represented by counsel but no appeals were taken from these sentences. Being a parole violator, relator was required to serve a prior sentence so that the ten year minimum on the sentences here involved will expire in October, 1960.

In 1953, appellant filed a petition for writ of habeas corpus on the ground that his sentence should have run concurrently rather than consecutively. This petition was dismissed and his appeal was quashed by us as being out of time. In February, 1954, he filed a petition for a writ of error coram nobis, alleging that one of the indictments charged the commission of sodomy at a time when he was in custody. This petition was dismissed. His present petition alleged that the court lacked jurisdiction to try him; that he was tricked into a plea of guilty by inadequate assistance of counsel and by counsel's alleged promise of leniency if he pleaded guilty; that he did not comprehend the proceedings against him because of an alleged dazed condition, and

that he was coerced into signing a statement admitting offenses which he did not commit. The court below ordered a hearing on these allegations which was held on March 20, 1959. Appellant was present and his former trial counsel was present.

Appellant's original counsel testified that during the initial interview with appellant, he admitted having met the minor involved and having had the minor in a basement with him and that they went together to Virginia and subsequently having returned to Salisbury, Maryland and from there back to Philadelphia. Counsel also testified that appellant was not under duress and was promised no immunity at the time of the plea. He also testified that appellant told him of having informed the police that he committed the acts of sodomy with which he was charged and to which the minor victim testified at the time of his original trial. Counsel further testified that he had no recollection that appellant had claimed the statement made to the police were forced and his notes did not indicate that any such claim had been made. Appellant was given full opportunity to prove the allegations made but outside his own statements no evidence was produced to sustain the charges made.

We have held that in a habeas corpus proceeding, the judgment of conviction carries with it a presumption of regularity, and when one undertakes to overcome it, he has the burden of convincing the court of the truth of his averments by evidence which is clear and convincing. *Commonwealth ex rel. Richter v. Burke,* 175 Pa. Superior Ct. 255, 103 A. 2d 293. There is nothing in this record to show or prove that the court lacked jurisdiction to try him or that he was tricked or coerced into signing an admission of guilt. The mere fact that a prisoner, after conviction is of the opinion that trial was improperly conducted by his

counsel constitutes no ground for issuance of the writ of habeas corpus. *Commonwealth ex rel. Comer v. Maroney,* 178 Pa. Superior Ct. 633, 116 A. 2d 301. Trial errors, errors in the admission of evidence and alleged errors of counsel are not grounds upon which the writ will issue. *Commonwealth ex rel. Jackson v. Day,* 179 Pa. Superior Ct. 566, 118 A. 2d 289.

The record discloses that the real basis of appellant's complaint is the fact that another prisoner, out of another jurisdiction, received a different sentence for the same type of crime involved. However, so long as the sentence imposed is a legal one and the prisoner is legally detained, he is not entitled to the writ. *Commonwealth ex rel. Salerno v. Banmiller,* 189 Pa. Superior Ct. 156, 149 A. 2d 501; *Commonwealth ex rel. Dempsey v. Martin,* 181 Pa. Superior Ct. 274, 124 A. 2d 430.

Order affirmed.