**Commonwealth ex rel. Perpiglia v. Banmiller**

*Anthony Perpiglia*, p. p., relator.

*James C. Crumlish, Jr.*, District Attorney, for respondent.

GUERIN, J., March 13, 1961.—Petitioner sought a writ of habeas corpus. A rule to show cause why his petition should not be granted was allowed, and answers were filed by respondent warden and the district attorney of Philadelphia County. Upon hearing, the petition was dismissed and the rule to show cause discharged.

On September 4, 1947, after a plea of guilty to the following five bills of indictment, bill no. 410, August term, 1947, charging burglary; bill no. 9, September term, 1947, charging assault and battery, aggravated assault and battery, and robbery; bill no. 709, July term, 1947, charging robbery; bill no. 710, July term, 1947, charging robbery, etc.; and bill no. 692, July term, 1947, charging robbery, etc., relator was sentenced to consecutive terms of from 10 to 20 years on each of the above bills. On November 13, 1956, the governor of the Commonwealth, acting upon the recommendation of the board of pardons, commuted relator's minimum sentence from 50 years to nine years and four months. As a consequence thereof, relator was paroled December 14, 1956.

Subsequently, while on parole, relator was arrested, indicted and convicted on bill no. 1, March term, 1958, charging attempted burglary with intent to commit a felony, and bill no. 222, June term, 1957, charging assault and battery, aggravated assault and battery and assault and battery with intent to murder, and sentenced to a term of imprisonment from $13\frac{1}{2}$ to 27 years. Thereafter, he was returned to the Eastern State Penitentiary as a convicted parole violator, whereupon the Parole Board fixed his maximum date of imprisonment as January 14, 2049. Relator now seeks his release for conduct allegedly occurring prior to and at his trial of 1947, and which he argues was so fundamentally unfair as to amount to a denial of due process.

Relator argues first that he was denied the assistance of counsel, and secondly, counsel of his own choice. There is no basis for either of these contentions, since the record is clear that relator was represented by counsel and, further, that no objection or question was raised at trial as to his representation. Relator next argues that his counsel was neither adequate nor effective in diligently protecting his interest. It has been well established that this is not sufficient reason to warrant relief by habeas corpus. See Commonwealth ex rel. Norman v. Banmiller, 395 Pa. 232, 237, 238; Commonwealth ex rel. Schenck v. Banmiller, 190 Pa. Superior Ct. 467, 469, 470. Relator also complains of the conduct of his trial and the lack of impartiality of the trial judge. The record supports neither of these allegations; however, even if they were true, these were matters properly for a motion for a new trial, appeal, or a writ of error, not habeas corpus. See Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124, 126.

Finally, relator argues that prior to trial he was subject to oral abuse, threats, struck about the face and body, and questioned at length at irregular hours, as a result of which he finally signed a confession implicating him in the crimes for which he was sentenced. It is to be noted, however, that relator was not convicted and sentenced upon said alleged confession, but rather on a plea of guilty to all four bills of indictments, encompassing some 26 charges, under and with the advice of counsel. If relator has been convicted and sentenced on said alleged confession, or if he had not been represented by counsel, it is clear that he would be entitled to a hearing on the merits of his charge of coercion. See Pennsylvania ex rel. Herman v. Claudy, 350 U. S. 116; Turner v. Pennsylvania, 338 U. S. 62. However, in the light of the facts herein, to rule that relator is entitled to a hearing on his charge of coercion would be a travesty upon justice. Such a

rule would mean that every criminal, though represented by counsel, convicted and sentenced as the result of a guilty plea, could at any time hereafter allege coercion, or intimidation, or police brutality as the basis for said plea, and be entitled to a hearing thereon. To permit this would not only be a reflection on our courts, but on the soundness of our entire system of criminal jurisprudence.

For the above reasons the petition was dismissed and the rule to show cause discharged.