## Commonwealth ex rel. Gouch, Appellant, *v.* Myers.

Submitted September 11, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Jessie Gouch,* appellant, in propria persona.

*Edward Reif, Patrick F. Casey,* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., November 16, 1961:

This is an appeal by relator from an order of the Court of Common Pleas of Philadelphia County denying his petition for a writ of habeas corpus.

Appellant was tried on November 13, 1958, on a number of bills of indictment. On November 14, 1958, sentence was imposed only on bills Nos. 1351 and 1354, each charging him with aggravated robbery. Represented by counsel, he pleaded guilty to these two bills, and was sentenced on each for a period of not less than five years nor more than ten years. The sentences

were to run concurrently, and were to be served in the Eastern State Penitentiary. He was subsequently transferred to the State Correctional Institution at Graterford.

Appellant contends that he was deprived of due process of law because (1) the trial judge, prior to passing sentence, made facetious remarks which were unfair and showed prejudice; (2) the court improperly allowed into evidence the appellant's past criminal record; (3) the appellant was convicted by perjured testimony; and (4) the appellant was tricked into pleading guilty.

It is apparent that appellant is attempting to use the writ of habeas corpus as a substitute for an appeal. Habeas corpus is not available to correct trial errors which could have been reviewed and corrected on appeal. *Com. ex rel. Sharpe v. Burke,* 174 Pa. Superior Ct. 350, 354, 101 A. 2d 397.

Moreover, a review of the testimony indicates that the remarks made by the trial judge were not prejudicial to appellant. While sentencing a codefendant, the judge asked, for the purpose of identification: "He was the fellow who did all the dealing with Gouch, wasn't he?" And when the judge asked that appellant, after his plea of guilty, be brought before him for sentencing, the trial judge said: "All right, now, let's bring up Mr. Gouch. Gouch is the finance man. He is the financier." None of the remarks made by the trial judge could be deemed prejudicial error. They were advanced in identifying the part which appellant played with the three codefendants in the robbery ring in order that he might have before him all the circumstances to determine the sentence to be imposed. Further, appellant, on the advice of counsel, pleaded guilty to these bills, and in doing so admitted all the facts pleaded in the indictment. *Com. ex rel. Bruce v. Tees,* 177 Pa. Superior Ct. 63, 65, 110 A. 2d 838.

Appellant's contention that the court erred in receiving testimony concerning his prior criminal record is likewise of no avail. It is a matter that could be attacked only on appeal, if it were error at all. *Com. ex rel. Yeschenko v. Keenan,* 179 Pa. Superior Ct. 145, 150, 115 A. 2d 386. Furthermore, since appellant pleaded guilty it could be received by the court in the exercise of its discretion in passing sentence. *Com. ex rel. Yeschenko v. Keenan,* supra, 179 Pa. Superior Ct. 145, 150, 115 A. 2d 386.

Appellant's third contention is equally without merit. An attack on the evidence presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus. *Com. ex rel. Ruger v. Day,* 176 Pa. Superior Ct. 479, 483, 108 A. 2d 818. In any event, the alleged perjured statements of the codefendants were not material to appellant's conviction. His conviction was based on his plea of guilty, which plea was entered on the advice of his counsel. *Com. ex rel. Yeschenko v. Keenan,* supra, 179 Pa. Superior Ct. 145, 115 A. 2d 386.

Appellant's final contention cannot be sustained. The mere fact that a prisoner, after conviction, is of the opinion that the trial was improperly conducted by his counsel constitutes no ground for issuance of a writ of habeas corpus. *Com. ex rel. Schenck v. Banmiller,* 190 Pa. Superior Ct. 467, 469, 470, 154 A. 2d 320. Appellant's counsel was experienced. Appellant did not object to or question this representation prior to trial. There is nothing in the record to show or prove that he was tricked or coerced into pleading guilty.

The order is affirmed.