## Commonwealth ex rel. Kuklich *v.* Baldi.

Argued September 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*David S. Malis,* for petitioner.

*Franklin E. Barr,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for respondent,

PER CURIAM, October 14, 1942:

On November 23, 1938 relator entered a general plea of guilty to an indictment, duly returned as a true bill in the Court of Quarter Sessions of Philadelphia County, to No. 96 May Sessions 1938, containing three counts: 1—Entering feloniously a store building with intent to steal; 2—larceny; 3—receiving stolen goods. He was sentenced the same day by Judge PARRY to imprisonment in the Philadelphia County Prison for not less than three months nor more than ten years, an appropriate sentence upon the first count.

At the expiration of his minimum sentence of three months he was released on parole.

On March 5, 1940, while on parole, he pleaded guilty to two bills of indictment, charging larceny, found in said court, to wit, No. 219 September Sessions 1939 and No. 958 February Sessions 1940, on each of which he was sentenced by Judge HEILIGMAN to imprisonment in the Philadelphia County Prison for not less than two and one-half years nor more than five years, the sentence on No. 958 February Sessions 1940 to begin at the expiration of the sentence on No. 219 September Sessions 1939. As no other time was fixed for the beginning of the sentence to No. 219 September Sessions, 1939, it began to run from its date.

On March 6, 1940, his parole under sentence on No. 96 May Sessions 1938 was revoked and he was remanded to the Philadelphia County Prison to serve the balance of the maximum term of ten years and he is now so confined.

Relator has filed this petition for writ of habeas corpus, asking for a correction of his sentence on bill No. 96 May Sessions 1938, and alleges that in entering his plea of guilty to said bill, he intended only to plead guilty to larceny, the maximum sentence for which was three years.

The plea was a general plea of guilty. Under it, he could properly have been sentenced for (1) felonious entry with intent to steal, and (2) larceny, under the recent decision of the Supreme Court in *Com. ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A. 2d 920, overruling the dicta in *Com. v. Birdsall,* 69 Pa. 482, 485, and *Com. v. Stoops,* 7 S. & R. 491, followed by us in *Com. ex rel. Wendell v. Smith,* 123 Pa. Superior Ct. 113, 186 A. 810.

The records brought before us show that relator pleaded guilty in 1931 to three bills of indictment charging larceny and receiving stolen goods; in 1932, he pleaded guilty to two indictments, charging felonious entering with intent to steal, larceny and receiving stolen goods; and in 1935 he pleaded nolo contendere to an indictment charging larceny and receiving stolen goods. So he was conversant with criminal proceedings.

It was probably in view of his criminal record that Judge PARRY imposed the sentence under the first count of the indictment to No. 96 May Sessions 1938 in such form that if he behaved himself he could be let out on parole after serving three months, but if he renewed his criminal activities would be confined for ten years.

The relator's statement of his intention to plead guilty only to the second count of the indictment cannot affect the validity of his sentence under the general plea of guilty. His mere averment of his intention cannot be used to set aside the legal consequences of his recorded plea.

The rule is discharged and the petition is refused.