Commonwealth ex rel. Vanderpool, Appellant, *v.* Burke.

Submitted October 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Leonard Vanderpool*, appellant, in propria persona.

*C. Wayne Smyth*, District Attorney, for appellee.

PER CURIAM, November 11, 1953:

The Court of Common Pleas of Bradford County denied relator's petition for writ of habeas corpus for the reason that his petition did not set forth any allegations which made out a prima facie case for the allowance of a writ. Relator has appealed to this Court from the dismissal of his petition.

Relator was charged in an indictment in the Court of Oyer and Terminer of Bradford County with burglary in the first count and with larceny in the second count. Having entered a plea of guilty, relator was sentenced by that court to a term in the Eastern State Penitentiary of not less than four years nor more than twenty years for burglary, and to a term of not less than one year nor more than five years for larceny, the sentence on the second count for larceny to begin to be served at the expiration of the sentence on the first count for burglary. Relator was charged with the commission of larceny in the building which he was charged with having feloniously entered. Consequently, there may be a conviction and sentence for both. *Com. ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 105, 21 A. 2d 920; *Com. v. Schultz*, 168 Pa. Superior Ct. 435, 440, 79 A. 2d 109; *Com. ex rel. Kuklich v. Baldi*, 150 Pa. Superior Ct. 390, 28 A. 2d 496.

Relator admits in his petition the commission of both crimes, but he avers that sentence on the larceny count was improper. There is no merit in this contention, and there is no merit in the relator's further contention that the sentences were improperly combined. Separate sentences were imposed by the trial court; but for parole and similar purposes the prison or penitentiary authorities may compute the aggregate of the sentences imposed and also enter on their records the total of the minimum and maximum terms of such consecutive sentences. *Com. ex rel. Tiscio v. Burke*, 173 Pa. Superior Ct. 350, 353, 98 A. 2d 760.

Order of the court below is affirmed.