Commonwealth ex rel. Velos, Appellant, *v.* Tees.

Submitted March 22, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Stephen Velos,* appellant, in propria persona.

*Howard L. Criden* and *Samuel Dash,* Assistant District Attorneys, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

PER CURIAM, April 15, 1954:

The petitioner in this habeas corpus proceeding was charged in three indictments along with two other defendants with burglary and larceny. One of the bills charged the larceny of $6,000; the others involved the taking of personal property of value from an automobile service station and from a produce market. Petitioner's co-defendants pleaded guilty to the charges. Petitioner pleaded not guilty and waived a jury trial. He was found guilty after trial by Judge GUERIN and was sentenced on all three convictions to two terms of imprisonment in the Eastern Penitentiary of from 10 to 20 years, and a third term of from 5 to 10 years, all to be served consecutively. He pleaded guilty to a fourth bill charging burglary and larceny but was not sentenced on that conviction. The lower court dismissed the petition for habeas corpus without hearing.

In this appeal from that order appellant contends that he did not intelligently waive his "constitutional prerogative to a trial by jury and the assistance of counsel". Failure to provide counsel when none is requested is not a denial of due process in a non-capital

case. *Com. ex rel. Uhler v. Burke,* 172 Pa. Superior
Ct. 108, 91 A. 2d 913. The provision of our State con-
stitution according defendants the right to be heard
by counsel does not require court assignment of coun-
sel in non-capital cases. *Commonwealth ex rel. Town-
send v. Burke,* 361 Pa. 35, 63 A. 2d 77. In the tran-
script of the proceedings of the trial of appellant on
the criminal charges, the following appears of record:
"Defendant Velos has no attorney and on inquiry
states he does not wish counsel and declines to have
the Court appoint counsel, and signs waiver of jury
trial."

The court record of the trial of a criminal case may
relevantly be considered in a habeas corpus proceed-
ing. *Com. ex rel. Chambers v. Claudy,* 171 Pa. Supe-
rior Ct. 115, 90 A. 2d 383. And in such proceeding the
relator is bound by the record until the contrary af-
firmatively and competently appears. *Com. ex rel.
Comer v. Claudy,* 174 Pa. Superior Ct. 494, 102 A.
2d 227. The record of appellant's trial is not ques-
tioned. It thus appears that the trial judge, out of
consideration for the petitioner, when on trial for the
offenses, more than complied with the requirements
of due process. Counsel was offered him although none
was requested. And having refused the assignment of
counsel appellant cannot now assert that he did not
intelligently waive a jury trial. Counsel if accepted
would have decided that question for him. Moreover
the record discloses that he was in no wise prejudiced.
During the course of the trial or at the time of sentence
he frankly admitted his guilt on all three bills.

In the remaining questions raised by appellant's
petition he sought to make this habeas corpus proceed-
ing the substitute for an appeal. This cannot be done.
*Com. ex rel. Tokarchik v. Claudy,* 174 Pa. Superior Ct.
509, 102 A. 2d 207.

The petition in this case was not self sustaining and the court therefore was right in refusing it without hearing. "A hearing upon a petition for a writ of habeas corpus is not an indispensable requisite, and no purpose is served by awarding a rule to show cause, where the allegations of the petition are fully refuted by the trial or court record": *Com. ex rel. Chambers v. Claudy,* supra.

Order affirmed.