Commonwealth ex rel. Wakin, Appellant, *v.* Dye.

Submitted November 11, 1954. Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN,
JJ.

*Edward Wakin,* appellant, in propria persona.

*James F. Malone, Jr.,* District Attorney, and *Albert A. Fiok,* Assistant District Attorney, for appellee.

PER CURIAM, January 14, 1955:

Relator filed a petition in the Court of Common Pleas of Allegheny County to amend an indictment in the Court of Quarter Sessions of Allegheny County at No. 369, January Sessions, 1951, charging him with (1) forgery of a written instrument, and (2) fraudulently uttering a forged instrument. The petition was treated by the Court of Common Pleas as a petition for writ of habeas corpus and a hearing was held thereon.

The order of the court below dismissing relator's petition is affirmed on the following excerpts from the opinion of Judge KENNEDY:

"[At his trial in the Court of Quarter Sessions of Allegheny County, relator] was represented by competent counsel and pled guilty to this indictment, and numerous others charging him with forgery etc.,—or false pretense (worthless checks). He was sentenced to three and one-half to seven years in the Allegheny County prison on the plea of guilty at No. 369 January Sessions, 1951, to be computed from May 7, 1951, and the same sentence to run concurrently on the other seven or more forgery charges. Lesser, but concurrent, sentences were imposed on the worthless check indictments. . . . no credence can be placed in any of his oral testimony. Even if this court, in a habeas corpus proceeding, had the power to amend the indictment at this late date, which we doubt, yet the relator has not submitted that quality of proof to set aside a plea. of guilty and judgment of sentence which is presumed to be regular until overcome by evidence that is clear and convincing. . . . [See Com. ex rel. Velos v. Tees, 175 Pa. Superior Ct. 297, 104 A. 2d 339; Com. ex rel. Richter v. Burke, 175 Pa. Superior Ct. 255, 103 A. 2d 293]. If the testimony were convincing and further showed that the defendant [relator] was not properly advised by his own counsel when he signed the plea of guilty, the only authority in this court would be to set aside the plea of guilty and the sentence, and direct that the case be listed for trial in the Quarter Sessions Court,—not amend the indictment. Meanwhile the concurrent sentences for forgery which were imposed and not questioned in this proceeding, would remain in full force and effect.

"The relator has utterly failed to prove any matters that would give this court the right to grant him any relief. The rule to show cause will be discharged and the petition dismissed."