Commonwealth ex rel. Miller, Appellant, *v.* Maroney.

Submitted April 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Robert W. Miller*, appellant, in propria persona.

No one appeared or submitted a brief for appellee.

OPINION BY WRIGHT, J., September 28, 1955:

Robert W. Miller, an inmate of the Western State Penitentiary, petitioned the Court of Common Pleas of Venango County for a writ of habeas corpus. The said court entered into a full hearing at which Miller was represented by counsel and testified in person. The testimony was transcribed and the court thereafter filed an opinion and order dismissing the petition. This appeal followed. At appellant's request we have examined the brief submitted by his attorney to the lower court from which we ascertain that the two questions raised are: (1) that appellant was illegally sen-

tenced on two counts of a single indictment, the first count charging entering a building with intent to commit a felony and the second count charging robbery with an offensive weapon; and (2) that appellant was denied due process of law by reason of the failure of the court to provide counsel at the time of his plea of guilty.

The record discloses that on the evening of March 3, 1938, there was a hold-up at a filling station in the Borough of Rouseville, as a result of which a sum of money was taken from the attendant. Shortly thereafter appellant was apprehended in a taproom by two police officers. In his own words he "attempted to escape", and assaulted the two officers in the ensuing struggle. He was thereafter taken to the Oil City police station where he was questioned for approximately an hour. Having executed a confession,[1] appellant was then taken before a magistrate for a hearing, following which he was committed to jail. On March 15, 1938, appellant was brought before the court whereupon he waived indictment and entered a plea of guilty to indictment No. 28 April Sessions 1938, containing a first count of entering a building with intent to commit a felony and a second count of robbery armed with an offensive weapon; and to indictment No. 30 April Sessions 1938, containing two counts of aggravated assault and battery, a third count of pointing a firearm, and a fourth count of carrying a concealed weapon without a permit. He was sentenced on the first count in No. 28 April Sessions 1938, to a term of four to eight years to be computed from March 4, 1938. On the second count he was sentenced to a term of seven and one-half to fifteen years, to be computed from the expira-

---

[1] Appellant does not here assert his innocence. At the hearing before the lower court he freely admitted his guilt.

tion of the sentence on the first count. In No. 30 April Sessions 1938, he was sentenced to a term of one and one-half to three years on each count of aggravated assault and battery, these sentences to be consecutive to each other and to the sentences imposed on No. 28 April Term 1938. Sentence was suspended on the third and fourth counts of No. 30 April Term 1938.[2] On October 25, 1946, appellant's minimum term was commuted from fourteen and one-half years to eight years and eight months. On December 27, 1946, he was released on parole. On February 21, 1952, as the result of guilty pleas in Venango County to indictments Nos. 15 and 16 April Sessions 1952, charging respectively larceny of an automobile and burglary, appellant was sentenced as follows: on bill 15 from two to four years to be computed from February 16, 1952, and on bill 16 from four to eight years to be computed from the expiration of parole at Nos. 28 and 30 April Sessions 1938. As happens all too frequently in such situations, a belated and unwarranted attack is made upon the prior convictions.

---

[2] In his petition, appellant averred that he was first brought before the court on March 14, 1938, and was sentenced as follows: on No. 28 April Sessions 1938, to "a minimum of seven and one-half years and to a maximum of fifteen years", and on No. 30 April Sessions, 1938, to "a minimum of seven and one-half years and to a maximum of fifteen years", the sentences to run consecutively. This averment was not supported by the testimony at the hearing, nor borne out by the record of the court below. In a habeas corpus proceeding the relator is bound by the record until the contrary affirmatively and competently appears: *Commonwealth ex rel. Velos v. Tees*, 175 Pa. Superior Ct. 297, 104 A. 2d 339. Moreover, had appellant been able to prove his averment, it would have availed him nothing, since a sentence may be altered, either by increasing or reducing the punishment at any time during the term: *Commonwealth ex rel. Berry v. Tees*, 177 Pa. Superior Ct. 126, 110 A. 2d 794.

Appellant's first contention is that the charge of entering a building with intent to commit a felony necessarily involved the crime of robbery "since had petitioner entered the building for any other reason than the commission of the robbery, or other felony, then entering the building would not have been a crime". His position, as we understand it, is that the offenses merged so that he could properly be sentenced only on the more serious crime. In *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A. 2d 920, relator and other bandits broke into a bank at night. The following morning they forced the cashier to open the doors of the vault and took $4500.00 in cash. Following pleas of guilty, relator was sentenced for breaking and entering with intent to commit a felony, bank robbery, and larceny, and felonious attempt to kill. In his petition for a writ of habeas corpus, the relator contended that the crimes "were part of the same continuous, unbroken transaction, namely the robbery of a bank vault, and he could legally have been sentenced on only the most serious of these charges, that is, robbery of a bank vault", wherefore the additional sentences were illegal. Delivering the opinion of the Court, Mr. Justice (later Chief Justice) MAXEY said: "The crime of wilfully and maliciously breaking and entering any building with intent to commit any felony therein is completed when the felon breaks into the building. . . with the intent above named. Consummation or execution of the intent to steal or commit some other felony is not necessary to complete the crime of burglary or the crime of 'breaking and entering'. . . Whatever felony is committed *in* the building broken into is separate and distinct from the offense of breaking and entering into that building".

Upon the authority of the *Moszczynski* case, there can be no question that appellant in the case at bar

was guilty of two separate and distinct crimes, namely, entering a building with intent to commit a felony and robbery armed with an offensive weapon. These two offenses did not merge. See also *Commonwealth ex rel. Vanderpool v. Burke*, 174 Pa. Superior Ct. 88, 99 A. 2d 904; *Commonwealth ex rel. Comer v. Claudy*, 174 Pa. Superior Ct. 494, 102 A. 2d 227; *Commonwealth ex rel. Green v. Keenan*, 176 Pa. Superior Ct. 103, 106 A. 2d 896.

Coming now to appellant's second contention, it is well settled that, to invalidate a plea of guilty in a non-capital case by reason of denial of due process arising from failure to provide a prisoner with counsel, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement: *Commonwealth ex rel. Swieczkowski v. Burke*, 173 Pa. Superior Ct. 363, 98 A. 2d 229; *Commonwealth ex rel. La Tempa v. Burke*, 175 Pa. Superior Ct. 513, 105 A. 2d 134; *Commonwealth ex rel. Ridenour v. McHugh*, 179 Pa. Superior Ct. 69, 115 A. 2d 808. Each case depends upon its own facts. Youth, lack of education, inexperience with intricacies of criminal procedure, improper conduct on the part of the court or the prosecuting officials, and the gravity or complicated nature of the offense charged may, in some combination, constitute the ingredient of unfairness which renders the absence of counsel a denial of due process. See *Uveges v. Pennsylvania*, 335 U. S. 437, 69 S. Ct. 184. However, failure to provide counsel when none is requested, or to advise a defendant that counsel will be assigned him upon request, does not constitute, ipso facto, a denial of due process: *Commonwealth ex rel. Reggie v. Burke*, 170 Pa. Superior Ct. 647, 90 A. 2d 385. And see *Commonwealth ex rel. Johnson v. Burke*, 174 Pa. Superior Ct. 119, 100 A. 2d 125. The burden was upon appellant

to establish his right to relief. *Commonwealth ex rel. Martin v. Baldi,* 174 Pa. Superior Ct. 111, 100 A. 2d 142.

Appellant stresses the fact that, at the time of his plea, he had only the equivalent of an eighth grade education. His testimony at the hearing discloses that, at the age of fourteen, he was charged in McKean County with larceny of an automobile. As a result he was committed by the Juvenile Court to Morganza. After being an inmate there for thirteen months, appellant "ran away from the place". He was returned and underwent further confinement for an additional thirteen months. At the age of seventeen, appellant was charged in Venango County with armed robbery and aggravated assault and battery. As a result he was sentenced to Huntingdon for three years. While an inmate there, he taught primary grades in night school.[3] It is clear that, in March, 1938, at the age of twenty-three, appellant was not an uneducated youth, inexperienced with criminal procedure. We fully agree with President Judge McCRACKEN that he has not shown "any injury he suffered by his failure to have counsel, or how such failure deprived him of any of his guaranteed rights".

In his brief before us, appellant has raised two "supplemental" contentions which we mention merely to indicate that they have not been overlooked. At the hearing, appellant called as his witness the officer in charge of the police station at the time of the arrest. The lower court did not err in refusing to permit appellant to interrogate this witness concerning the reasons he was no longer a member of the police force. There is obviously no merit in appellant's further argument that "the cases cited by the lower court. . . were not

---

[3] Appellant "now holds a 'pre-professional qualifying certificate' and has studied some advanced courses in special subjects".

in force at the time of petitioner's guilty plea and sentencing".

The order of the court below is affirmed.