Commonwealth ex rel. Stockman, Appellant, *v.* Martin.

Submitted March 27, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*James R. Stockman,* appellant, in propria persona.

*Raymond R. Start,* District Attorney and *Joseph E. Pappano,* First Assistant District Attorney, for appellee.

OPINION PER CURIAM, April 11, 1956:

On January 9, 1941, the defendant pleaded guilty to nine separate bills of indictment charging distinct crimes. The offenses covered a wide range; from burglary and robbery to larceny of motor vehicles, violation of the firearms Act and prison breach. Over his signature on all of the indictments he pleaded guilty before the late Judge JOHN M. BROOMALL and was sentenced. Because these facts are substantiated by the record, in the office of the Clerk of the Court of Quarter Sessions in Delaware County, it was idle for relator to charge in his petition, for his discharge on habeas corpus, that he did not sign a waiver of his right to trial by jury under the Act of June 11, 1935, P. L. 319, 19 PS §786. Cf. *Com. ex rel. Velos v. Tees,* 175 Pa. Superior Ct. 297, 104 A. 2d 339. He was sentenced on his convictions by his pleas and not on verdicts of guilty after trial either with or without a jury.

It well may be that there is no merit in any of the grounds alleged by relator in his petition. But his petition charged: "That Relator is unjustly and unlawfully detained under a sentence of 20 years, imposed to begin at some undetermined date, but imposed January 9, 1941, by the Honorable Judge BROMALL, of the said County after a forced plea of "Guilty", to Burglary and Larceny, on Bill No. 300 December session, January 9, 1941. That sentence was based on an illegal conviction, procured through a forced plea of guilty, threats and coercion by officials prosecuting case."

In the light of these averments the dismissal of the petition by the court below was, at least, premature. No hearing is necessary when no factual issues are raised by a petition for the writ. *Com. ex rel. Tokarchik v. Claudy*, 174 Pa. Superior Ct. 509, 102 A. 2d 207. But the above quoted averments make out a prima facie case for allowing the writ which call for a hearing to determine their truth or their falsity.

The order is reversed and the application is remitted to the lower court for hearing on factual issues.