## Commonwealth v. Mullin

*D. Vitullo* and *P. M. Chalfin,* Assistant District Attorneys, and *Victor H. Blanc,* District Attorney, for Commonwealth.

*James A. Mullin,* pp., for defendant.

HAGAN, P. J., July 26, 1960.—Defendant has filed an appeal to the Superior Court from a judgment of sentence imposed upon him by the writer of this opinion on March 16, 1960, for the crime of robbery. The sentence was to the State Correctional Institution at Philadelphia for a term of not less than five years nor more than 10 years.

Defendant is pursuing his appeal in propria persona, and the reason for the appeal is set forth in a letter written by defendant to the trial judge under date of May 2, 1960, reading, in part, as follows:

"I am writing to you at this time for several most important matters, one of which is the fact that I am Appealing to the State Superior Court from the Judgment and Sentence which Your Honor imposed upon me when I appeared before you.

"The first and at this time, most important matter is, that I did not plead 'Guilty' before Your Honor, there has been a mistake made by someone, and it was not made by me! I made it quite plain to the Public Defender that I was 'Waiveing' a Jury Trial and pleading 'Not Guilty' and I was amazed at how quickly the proceedings ended and I was sentenced here to this Prison. Now that I am here, I find that this Institution has me listed as 'Pleading Guilty', and I want Your Honor to understand that this is just not so! I never pleaded 'Guilty' and I never had any intention of pleading Guilty, for the charge for which I am sentenced here for."

Defendant was represented at his trial by Bernard

Edelson, Esq., a member of the staff of the office of the Voluntary Defender of Philadelphia. As appears from the notes of testimony and the entry made by the clerk upon the bill of indictment, when the case was called for trial, defendant pleaded guilty to simple robbery upon a bill of indictment, no. 503, February sessions, 1960, charging defendant with aggravated robbery.

Upon the entry of defendant's plea, the assistant district attorney made a summation of the Commonwealth's evidence as follows, pages 2-3 of the notes of testimony:

"Wilma Mdestowicz, who lives at 3069 Mercer Street, was in her cold cuts store at 3144 Frankford Avenue on Monday, January 26, 1960, at about 7:30 P. M., and the defendant came into the store and had his hand in his pocket, simulating a gun and demanded and obtained eight five dollar bills and sixty-three one dollar bills, for a total $103.00 in cash. At that time when he was giving the complainant orders she threw a flower pot through the window of the store to attract attention and she screamed, and these three youths at the time was passing, Joseph McCammitt, Richard McCann and Donald Horvath, and when they were passing the store they saw this pot come through the window and they heard the screams and they chased the defendant. The defendant kept turning to them, telling them to mind their own business, he didn't want to shoot them, and Joseph McCammitt headed the defendant off by going around when the defendant went through an alley, and knocked him down and held him until the police got there. The officer made the arrest and the defendant had $103.00 on his person. He was interviewed by the detectives and he admitted this crime. There was no gun in his possession."

Before imposing sentence, the trial judge reviewed the prior record of defendant, which began in the year

1921 and included 36 arrests and 24 convictions for various crimes, in respect to some of which defendant had been sentenced to Pennsylvania State Penitentiaries.

Within a few weeks after defendant had been sentenced, he wrote a letter to the trial judge, under date of March 28, 1960, in which he stated, inter alia:

"March 16th your Honor sentence me to 5- 10- years, apparently I must have pleaded guilty, however I told my public defender I was pleading not guilty and was to wave a Jury trial, but the public defender didn't say one word either way. Your Honor I was charged with simple robbery, but my charged should have been larceny. I walked in this store to panhandle a sandwitch and no one was in the store at that time and the register was right on the Counter and was open about an inch, and I pull it wide open and when I was taking the money out, the womean came running from the back screaming. I ran out, and she was right in back of me and kept screaming, and 3 boys had me arrested. I told the detective exactly how I stole the money he told me he's booking me for robbery what different does it make you had no weapon, and admit stealing the money."

It is, therefore, clear that defendant does not deny that he abstracted money from a cash register in the store of the prosecutor, and his only contention seems to be that he was guilty of larceny and not robbery and that he intended to plead guilty to larceny and not to robbery.

The evidence which the Commonwealth was prepared to offer in support of the indictment of defendant for robbery and which, as above set forth, was summarized by the district attorney after defendant had pleaded guilty to the indictment, was clearly sufficient to convict defendant of the crime of robbery.

Robbery is the felonious and forcible taking from

the person of another of goods or money by violence or putting in fear; and the offense is complete if there is the taking in the presence of the owner rather than from his person, by putting in fear: Commonwealth v. Dantine, 261 Pa. 496; Commonwealth v. Crow, 303 Pa. 91; and Commonwealth v. Darcy, 362 Pa. 259. Robbery is committed if the victim is put in fear by the circumstance that defendant appears to have a gun in his pocket: Wharton's Criminal Law and Procedure, by Ronald A. Anderson, vol. 2, §557, and cases therein cited. The offense is committed if either force or fear is present. In this case force was present, by reason of the threatening gesture of defendant and that gesture of force was clearly calculated to induce fear in the victim.

Following the recitation by the district attorney of the evidence which the Commonwealth was prepared to prove in support of the indictment, neither defendant nor his counsel objected to the summary of the Commonwealth's evidence, nor did they challenge its sufficiency to convict defendant of the crime of simple robbery.

As to the contention of defendant that he did not intend to plead guilty to the crime of robbery, the record is overwhelmingly against this contention. The record conclusively demonstrates that defendant was represented by counsel; that in open court he pleaded guilty to the crime of simple robbery; and that before sentence he was interrogated by the court as to his marital status, his place of residence, his employment, his relatives and his prior criminal record, which was such as to justify the district attorney's characterization of defendant as a "habitual criminal."

The judgment of conviction carries with it a presumption of regularity, and, when a defendant undertakes to overcome it, his evidence must be clear and convincing: Commonwealth ex rel. Richter v. Burke,

175 Pa. Superior Ct. 255; Commonwealth ex rel. Dion v. Tees, 180 Pa. Superior Ct. 82; and Commonwealth ex rel. Diggs v. Banmiller, 191 Pa. Superior Ct. 101.

From the statements made by defendant's counsel to the district attorney, the inquiries made by the court prior to the imposition of sentence and the discussion of defendant's prior criminal record, the conclusion is inescapable that defendant fully understood and realized that he had pleaded guilty to the crime of simple robbery.

As heretofore stated, the prior record of defendant disclosed that he had been arrested on 36 occasions and that he had 24 convictions for crime and, as held in Commonwealth ex rel. Taylor v. Johnston, 181 Pa. Superior Ct. 600, and Commonwealth ex rel. Nagle v. Day, 181 Pa. Superior Ct. 605, the previous experience of a defendant with criminal procedure is pertinent in ascertaining whether he was aware of the gravity of the charges to which he pleaded guilty and was competent to protect his constitutional rights.

In Commonwealth ex rel. Kuklich v. Baldi, 150 Pa. Superior Ct. 390, relator entered a general plea of guilty to an indictment charging him with felonious entry with intent to steal, larceny and receiving stolen goods. Thereafter relator filed a petition for writ of habeas corpus, alleging that he intended only to plead guilty to larceny. On appeal, the Superior Court observed that relator had a prior criminal record and that he was, therefore, conversant with criminal proceedings. In refusing relator's petition, the Superior Court said, page 392:

"The relator's statement of his intention to plead guilty only to the second count of the indictment cannot affect the validity of his sentence under the general plea of guilty. His mere averment of his intention cannot be used to set aside the legal consequences of his recorded plea."

It is abundantly clear, therefore, that there is no merit to defendant's appeal.