## Commonwealth ex rel. Edwards v. Myers

*Harry Edwards*, in proprio persona.

*Dominick Vitullo*, Assistant District Attorney, *Paul M. Chalfin*, Assistant District Attorney, and *Victor H. Blanc*, District Attorney, for Commonwealth.

CHUDOFF, J., October 13, 1960.—On July 23, 1957, petitioner was tried and convicted of three bills of indictment, nos. 92 and 94, February sessions, 1957, charging aggravated robbery and commission of a crime of violence while armed with a firearm, and bill

no. 2094, April sessions, 1957, charging conspiracy. The sentence on all three bills was for a term of imprisonment of not less than six nor more than 20 years.

Petitioner, on June 8, 1960, petitioned for a writ of habeas corpus, in the court of Common Pleas No. 7 of Philadelphia County, alleging that the trial judge violated the due process provisions of the Federal and State Constitutions in failing to provide defendant with counsel.

The Commonwealth filed an answer denying all material allegations upon which petitioner based his belief.

The facts show no request for counsel was made by defendant, who advised the court that he wished to proceed without a lawyer.

We dismissed the petition for a writ of habeas corpus on July 13, 1960, after hearing argument but without hearing any evidence.

At the outset of the trial of the case a colloquy took place, as follows:

"Mr. Filippone, Assistant District Attorney: I have just talked with defendant and he is not represented by anyone in this case, your Honor. It has been listed seven times, according to the sheet, and the last time it was continued because he had no attorney. I spoke to him today and he said he wants to get the case over with and he wants to go on without his attorney.

"By Mr. Filippone to defendant:

"Q. Is that right, Mr. Edwards?

"A. Yes, sir.

"The Court: Does he want a jury trial?

"Mr. Filippone: He said he wanted your Honor to decide the case.

"Q. Is that right?

"A. Yes.

"The Court: All right."

It is well settled that failure to provide counsel when none is requested, or to advise a defendant that

counsel will be assigned to him upon request, does not constitute ipso facto a denial of due process or other violation of a defendant's constitutional rights in non-capital cases: Commonwealth ex rel. McGlinn v. Smith, 344 Pa. 41, 24 A. 2d 1; Commonwealth ex rel. Townsend v. Burke, 361 Pa. 35, 63 A. 2d 77; Commonwealth ex rel. Hovis v. Ashe, 165 Pa. Superior Ct. 30, 67 A. 2d 770, affirmed 364 Pa. 81, 70 A. 2d 630, certiorari denied 339 U. S. 970, 70 S. Ct. 990, 94 L. Ed. 1378; Commonwealth ex rel. Miller v. Maroney, 179 Pa. Superior Ct. 305, 116 A. 2d 755.

In the instant case the facts disclose there was no objection made by defendant that he was without counsel at the time he elected to waive trial by jury. He made no statement with reference to, or by way of, a request for counsel. The trial judge did not urge, order or direct defendant to waive trial by jury and proceed without the aid of counsel. On the contrary, he left it squarely to defendant, who, when asked if he wanted to proceed without his attorney, said, "yes, sir."

Was a hearing necessary in order to determine the issue raised by the questions and answer? The answer to this question is "no" since the facts alleged are refuted by the record.

In Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 96 A. 2d 122, the court said (494-95):

"Where the petition or application itself, or where the record upon which it is based, or both together, fail to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary (citing cases)." See also Brown v. Allen, 344 U. S. 443.

The burden is upon one who avers denial of due process because of failure to provide counsel to him, to prove that for want of benefit of counsel an ingredient of unfairness operated in the process that

resulted in this confinement: Commonwealth v. Kadio, 179 Pa. Superior Ct. 196, 155 A. 2d 777. There is no showing of any unfairness in the proceeding of this case when the defendant elected to proceed without counsel, and in his election to waive a jury trial: Commonwealth ex rel. Henderson v. Kruger, 180 Pa. Superior Ct. 374 (1956). The burden has not been met.

For the foregoing reasons the petition for writ of habeas corpus was dismissed by the court.