Commonwealth *v.* Jackson, Appellant.

Submitted September 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Floyd Jackson,* appellant, in propria persona.

*Charles L. Durham* and *Domenick Vitullo,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., November 16, 1960:

This is an appeal by Floyd Jackson from the order of the Court of Quarter Sessions of Philadelphia County dismissing his Petition for Writ of Error Coram Nobis.

On September 22, 1947, appellant, without representation by counsel, pleaded guilty to two bills of indictment charging him with robbery and assault with intent to rob. He was sentenced on one indictment to 10 to 20 years and on the other to 3½ to 7 years, making a total of 13½ to 27 years imprison-

ment. On October 4, 1955, the minimum sentence was commuted to 8 years and 1 month, expiring October 22, 1955. He was released on parole December 15, 1955.

On March 19, 1958, appellant was convicted of possession and sale of drugs; and he was given two sentences to imprisonment therefor, one from 5 to 10 years and the other from 2 to 5 years, to run concurrently. He was thereupon returned to the Eastern State Penitentiary as a convicted parole violator. At this time he was represented by counsel but no appeal was filed.

In his petition for Writ of Error Coram Nobis under consideration he alleges that the failure of the court to appoint counsel for him in his original conviction (pleas of guilty) violated his rights under the "due process" clause of the Fourteenth Amendment to the Federal Constitution; and, also, that his conviction for possession and sale of drugs (marijuana) was illegal and void for the reason, as alleged in his petition, "in order to be construed to come under the jurisdiction of this act the drug involved must contain some compound or derivative of opium or coca leaves" and that "marijuana does not contain the required derivative or compound of opium or coca leaves."

The second reason is entirely without foundation. Section 1 of the Narcotics Act[1] specifically includes marijuana as one of the prohibited drugs. Section 2 is not related to marijuana but entirely to opium, morphine, codeine and their derivatives when used in permitted amounts for the preparation of remedies, compounds, liniments, ointments, etc.; and with respect to coca leaves when they are decocanized and are used in

---

[1] Narcotics Act of 1917, P. L. 758, as amended by the Acts of 1955, P. L. 849, and of 1956, P. L. 1809 (35 P.S. 851-852) (supp.).

preparations containing no cocaine. His conviction for possession of marijuana in any form or any amount was, therefore, legal.

Without discussing the propriety of the petition and proceedings as a means of raising the question of lack of representation by legal counsel,[2] we find no merit in appellant's argument on this ground. His sole contention is that since he was without counsel his convictions which were in the form of pleas of guilty were void. Nowhere in his petition does he allege innocence or prejudice and he admits that he did not request the court to appoint counsel because "not being financially able to employ counsel, [he] did not know [of] the obligation of the court to appoint him counsel free."

The conviction of a defendant in a state court for a non-capital offense, after a plea of guilty, is not void by showing that the defendant did not have counsel. *Lee v. Smyth,* 262 F. 2d 53, certiorari denied 79 S. Ct. 727, 359 U. S. 947, 3 L. Ed. 2d 679. Pertaining to the right to assistance of counsel, even under Federal Criminal Procedure, there is an important distinction between a plea of guilty and of not guilty, since the defendant who pleads his innocence should have assistance whether he is able to pay for it or not, but the man who pleads guilty admits that he has no defense to make. *Franzeen v. Johnston,* 111 F. 2d 817.

It has been held repeatedly by this Court that the Sixth Amendment of the Federal Constitution is not applicable to criminal proceedings in state courts. *Commonwealth ex rel. Savage v. Hendrick,* 179 Pa. Superior Ct. 601, 118 A. 2d 233; *Commonwealth ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 91 A. 2d 913.

However, the right to be represented by counsel is a fundamental right going to the very basis of the administration of criminal law and places on the trial judge the onus to inform the defendant of his rights and to assist him in obtaining the benefits of those

rights. *Commonwealth ex rel. Schultz v. Smith,* 139 Pa. Superior Ct. 357, 11 A. 2d 656. It has always been the practice, irrespective of whether the Constitution requires it, for an accused to be supplied with counsel by the trial court when requested at a proper time and such universal practice has matured into a right. *Commonwealth ex rel. Hice v. Ashe,* 166 Pa. Superior Ct. 35, 70 A. 2d 479.

Under the present law, as enunciated by the decisions of the federal courts and of our own Courts, to invalidate a plea of guilty in non-capital cases by reason of denial of due process of law arising from a failure to provide a defendant with counsel by the courts of the Commonwealth, the defendant must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. *Commonwealth ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 87 A. 2d 489. In the instant case, the circumstances do not show any violation of the defendant's constitutional rights. At his trial, defendant pleaded guilty to the offenses with which he was charged. He was positively identified and admitted that he was involved. When he applied for commutation of his sentence, he again admitted that he was guilty. Furthermore, in defendant's petition for writ of coram nobis, he does not deny his guilt nor does he allege that he was harmed by not being represented by counsel. Consequently, the defendant has not suffered because he had not been advised by the trial court of his right to be represented by counsel since there is no showing that the presence of counsel would have altered the disposition of this case in any way.

Order affirmed.

---

[2] See *Commonwealth v. Taylor,* 193 Pa. Superior Ct. 360, 165 A. 2d 390.