Commonwealth ex rel. Wanko, Appellant, *v.* Russell.

Argued November 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*E. F. Walker,* for appellant.

*W. Louis Coppersmith,* Assistant District Attorney, with him *Ferdinand F. Bionaz,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., December 14, 1961:

This is an appeal from an order dismissing a petition for habeas corpus. The petition alleges that the constitutional rights of the appellant have been vio-

lated by the refusal of the lower court to issue a writ on the grounds that the appellant was not represented by counsel when he entered a plea of guilty to a charge of burglary on January 31, 1949. At that time appellant was eighteen years old.

There is nothing in the record to indicate that the appellant requested the assistance of counsel, and the testimony at the habeas corpus hearing indicates that the usual habit and custom of the Cambria County District Attorney's Office at that time, in cases where there was no defense counsel, was to advise the defendant of his rights, inquire whether or not he wanted an attorney to represent him, and to locate one willing to do so if such was the defendant's desire. However, because of the passage of eleven years between the time of the plea and the time of the habeas corpus hearing, the Assistant District Attorney involved could not recall if this procedure had been followed in this specific case.

Having pleaded guilty to the charge of burglary, after the circumstances of the offense were presented by the prosecutor, there was a discussion by the court that the appellant might be sentenced to an indeterminate term at White Hill, whereupon the appellant made threatening and abusive remarks to the judges in open court. The sentence actually imposed was for commitment to the Western Penitentiary for a term of from ten to twenty years and a fine of $10,000.

On January 20, 1959, the appellant was paroled from the penitentiary. Subsequently, on March 22, 1960, he was convicted of the crime of aggravated assault and battery and sentenced by the court on March 28, 1960, to a term of one to two years. Before commencing serving this latter term, he was returned to the Western Penitentiary as a parole violator and presently is serving out the balance of his ten to twenty year term.

The appellant contends that because of his young age and because it was his first experience in criminal court, his constitutional rights were violated by his lack of representation by counsel.

To invalidate a plea of guilty in noncapital cases by reason of denial of due process, arising from failure to provide a prisoner with counsel by the courts of the Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. *Commonwealth v. Jackson,* 193 Pa. Superior Ct. 631, 165 A. 2d 392; *Commonwealth ex rel. Ridenour v. McHugh,* 179 Pa. Superior Ct. 69, 115 A. 2d 808.

Whether there is an ingredient of unfairness arising from failure to provide accused with counsel, which will invalidate plea of guilty in noncapital cases by means of denial of due process, is to be determined on the basis of facts of the individual case. Youth, lack of education, inexperience with intricacies of criminal procedure, improper conduct on the part of the court or prosecuting officials and the gravity or complicated nature of the offense charged may, in some combination, constitute the ingredient of unfairness which renders the absence of counsel a denial of due process. *Commonwealth ex rel. Miller v. Maroney,* 179 Pa. Superior Ct. 305, 116 A. 2d 755.

Appellant admits that he committed the crime of burglary for which he was sentenced. The nature of his crime is not complicated. There is no proof offered as to any alleged improper conduct on the part of the prosecuting officials, and the only alleged unfairness on the part of the court is the length of the sentence imposed. The sentence of the court is a legal one prescribed by the legislature for the offense committed by the appellant and, in view of the serious threats made by the appellant to the court and his previous involve-

ment with the juvenile authorities, it cannot be said to be unfair or unduly oppressive. There is nothing in the record to indicate that the appellant's sentence would have been different had he been represented by counsel.

The age of the appellant by itself does not make necessary the assistance of counsel and, since none was requested, there was no fundamental unfairness occurring such as would amount to a denial of due process.

The appellant complains that the lower court should not have considered his prior record in Juvenile Court and that such consideration is prohibited by the Act of June 2, 1933, P. L. 1433, §19, 11 P.S. 261, which says in part:

". . . The disposition of a child or any evidence given in a juvenile court shall not be admissible as evidence against the child in any case or proceeding in any other court."

This question was decided in *Commonwealth ex rel. Hendrickson v. Myers*, 393 Pa. 224, 144 A. 2d 367, wherein the Supreme Court held that a sentencing judge was entitled to all material facts to inform him as to what kind of offender he was dealing with in determining the appropriate penalty, and hence the statute rendering inadmissible the "disposition of a child or any evidence given in juvenile court" as evidence was not applicable to prevent the sentencing judge from considering defendant's juvenile record after the defendant had pleaded guilty, and only for the purpose of imposing a fair, proper, and just sentence.

Here, as in the *Hendrickson* case, the record of the Juvenile Court was not introduced or presented as evidence in the trial, but was only taken into consideration after the appellant had pleaded guilty, and then only for the purpose of determining sentence.

In a habeas corpus proceeding, the judgment carries with it a presumption of regularity which becomes

stronger the longer the judgment stands, and clear and convincing evidence is required to overcome such presumption. *Commonwealth ex rel. Diggs v. Banmiller,* 191 Pa. Superior Ct. 101, 155 A. 2d 402; *Commonwealth ex rel. Schenck v. Banmiller,* 190 Pa. Superior Ct. 467, 154 A. 2d 320, certiorari denied 363 U. S. 847, 80 S. Ct. 1623, 4 L. Ed. 2d 1731.

The evidence presented in this habeas corpus proceeding was not sufficiently clear and convincing to overcome this presumption, particularly since the petition contains no allegation of innocence, and was not filed until after a period of eleven years had passed.

Order affirmed.