## Commonwealth ex rel. Weigner, Appellant, *v.* Russell.

Submitted November 14, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Henry F. Weigner,* appellant, in propria persona.

*Michael A. Hanna,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 16, 1962:

This is an appeal by relator, Henry F. Weigner, from the order of the Court of Common Pleas of Washington County dismissing his petition for writ of habeas corpus without a hearing. Appellant was not represented by counsel when he entered pleas of guilty and was sentenced by the Court of Quarter Sessions and the Court of Oyer and Terminer of Washington County on January 29, 1960.

Appellant contends on this appeal that he was deprived of due process of law as a result of the dismissal of his petition without a hearing, and that he was deprived of due process of law as a result of not being afforded counsel prior to his pleas of guilty and sentence for the crimes with which he was charged.

In September and October, 1959, a series of burglaries of garages, bars, clubs, and a service station occurred in Washington County. Appellant and accomplices were arrested on sworn informations on October 24, 1959, and when confronted readily confessed to these crimes. A number of indictments charging burglary and larceny at different times, and one bill of indictment charging escape while en route to the county jail were returned against appellant by the grand jury on January 22, 1960. On January 29, 1960, appellant entered pleas of guilty to all indictments and was sentenced by the court after hearing on the pleas for a total of six to twelve years.

Appellant filed a petition for writ of habeas corpus in the Court of Common Pleas of Washington County alleging that his constitutional rights had been violated in that he was not represented by counsel at his ar-

raignment and sentencing. He alleged that counsel should have been provided for him because he had only a fourth grade education, and because of the seriousness of the crimes with which he stood charged. He does not allege that he was innocent, that the court or prosecuting officials in any manner coerced him or acted improperly, that he was inexperienced in criminal procedure, or that he did not know of the obligation of the court to appoint counsel free upon his request. Moreover, he does not anywhere allege in what manner his failure to have counsel prejudiced him. We fail to see in what way counsel could have contributed to a different result.

Judge CUMMINS of the Court of Common Pleas of Washington County, who dismissed appellant's petition, was also the trial judge before whom the pleas of guilty were entered. He properly considered the court record of the pleas and sentences (*Com. ex rel. Chambers v. Claudy*, 171 Pa. Superior Ct. 115, 90 A. 2d 383), and, upon considering the petition in the light of all the proceedings which preceded it, dismissed the petition without a hearing.

The right of indigent defendants to have counsel appointed by the court to represent them is absolute only in the federal courts and in capital cases in the state courts. The due process clause of the Fourteenth Amendment of the Constitution of the United States does not require that an offer of counsel be made to all indigent defendants in noncapital cases in the state courts. *Foster v. Illinois*, 332 U. S. 134, 67 S. Ct. 1716, 91 L. Ed. 1955. In the latter situation, whether due process has been fulfilled turns on the facts of the particular case.

The test to be applied as to each defendant is whether an ingredient of unfairness has actively operated in the process that resulted in his confinement. *Com. v. Jackson*, 193 Pa. Superior Ct. 631, 635, 165 A. 2d 392,

Relevant factors are: youth, lack of education, inexperience with the intricacies of criminal procedure, improper conduct on the part of the court or prosecuting officials, and the complicated nature of the offense charged. *Com. ex rel. Swieczkowski v. Burke,* 173 Pa. Superior Ct. 363, 366, 98 A. 2d 229; *Com. ex rel. Wanko v. Russell,* 196 Pa. Superior Ct. 565, 176 A. 2d 171; *Com. ex rel. Simon v. Maroney,* 405 Pa. 562, 176 A. 2d 94[2].

In the instant case, appellant was twenty-six years of age. He had been before the court on four previous occasions on charges of burglary. He was incarcerated from 1953 to 1956, and at the time of the commission of these crimes in 1959 he was on probation for an offense committed in 1958.

There is no suggestion in the record or in appellant's petition that the court or prosecuting officials acted improperly.

The only factors urged by appellant are the seriousness of the crimes and his lack of education. Although the crimes charged were serious, no indictment was complex. Appellant was simply charged in several indictments with burglary and larceny on different occasions. He confessed to these crimes when arrested. He never maintained innocence, and acknowledged guilt when seeking clemency due to his good service record prior to being sentenced on his pleas. At that time the trial judge asked appellant whether he had anything to say. Appellant replied: "Yes, your Honor. I have done a lot of wrong there; I have been in the service; I had a good record in the service; I came out honorable, and I know I have a bad record as far as that goes, and I am looking for something, and I will say I am sorry for what I have done."

Appellant further contends that he had only a fourth grade education, that is, he spent nine years in school without attaining the fifth grade, and that he was taken out of school due to his age. Accepting that al-

legation as a fact, it alone does not presumptively show such ignorance or unawareness which would vitiate the proceedings. During the arraignment and sentencing procedure, appellant answered all questions logically and coherently and his responses showed an awareness of the meaning of the proceedings.

In his brief, appellant, who had considerable previous experience in the criminal courts, stated: "Appellant did not waive the right to counsel; a right that appellant did not know existed."

As said by Mr. Justice MUSMANNO in *Com. ex rel. Simon v. Maroney*, supra, 405 Pa. 562, 577, 176 A. 2d 94[2], 102: ". . . where there exists not even the shadow of a shadow of doubt that the defendant's legal rights were protected and the evidence excludes the possibility of innocence as absolutely as the center of the earth excludes the light of the sun, it would be stultification of reason and a mockery of law to release a proved criminal on the empty assertion that he may not have known that he was entitled to counsel."

We are not unmindful of the fact that, if material factual allegations are in dispute, a hearing on a petition for writ of habeas corpus should be granted. But, where the allegations, even if accepted as true, do not raise such issues as would ultimately entitle the petitioner to relief, then the petition may be dismissed without a hearing. *Com. ex rel. Velos v. Tees*, 175 Pa. Superior Ct. 297, 300, 104 A. 2d 339. We are satisfied that no hearing was required because the files and the record in the case conclusively show that appellant was entitled to no relief.

The order is affirmed.