**Commonwealth ex rel. Perry v. Myers**

*John David Perry*, p.p., relator.

*Maurice L. Epstein*, District Attorney, for respondent.

CULLEN, P. J., July 13, 1962.—John David Perry brings this petition for writ of habeas corpus against the superintendent at Graterford, Pennsylvania, where petitioner is imprisoned under sentence of the Bradford County Court.

The petition contains a page entitled "State of Facts" and a page which sets forth "Question Involved" as follows: "In the absence of counsel for defense, was it lawful and constitutional to increase punishment after the term of court in which conviction and lesser punishment was imposed . . . in the absence of defense counsel?"

These statements do not afford petitioner sufficient grounds for the relief requested.

However, the court has carefully considered the entire petition and the records of this court to determine if there be any reason for a hearing. It is unable to find any sufficient reason.

In his petition, defendant admits his arrest and plea to indictment at no. 23 September, Oyer and Terminer, 1953, charging burglary and larceny, upon which sentence was suspended and petitioner placed on special probation for five years beginning August 31, 1953.

The petition further sets forth that petitioner was brought before the court February 20, 1956, on another burglary and larceny charge, at which time the probation imposed as aforesaid was revoked and a sentence of two to ten years given on the 1953 indictment.

Petitioner complains that he had no counsel and that the sentence of February 20, 1956, was made after the 1953 term had expired and was double "the previous sentence of five years probation."

Petitioner is in error that the 1956 charge was burglary and larceny. The indictment was laid to no. 37 February, Quarter Sessions, 1956, and charged larceny. The petition omits the fact of sentence February 20, 1956, on a plea to the 1956 indictment, the sentence being one to five years to begin January 27, 1956.

The sentence on the 1953 indictment, which is the subject of petitioner's complaint, was imposed the same date, February 20, 1956, after the probation originally imposed on the 1953 indictment had been revoked.

Petitioner also omits reference to conviction and sentence on no. 30, December, Quarter Sessions, 1958, on a charge of larceny of a motor vehicle.

Defendant makes no denial of guilt.

Information supplied to the court by the Pennsylvania Board of Parole indicates that defendant was paroled March of 1958, and recommitted as a violator February, 1959, by reason of the above larceny conviction; was re-paroled July, 1961, and recommitted December 31, 1961, for violation of parole.

The court's action on August 31, 1953, placing defendant on special probation was not necessarily such action as would legally preclude later sentence, and upon plea February 20, 1956, to the larceny committed during the probation period, the court could validly impose the sentence it did. The mere fact that the term during which probation was imposed expired, does not of itself end the power of the court to impose a sentence in the connotation of fine or confinement at a later

term; and the petition sets forth no allegations disclosing unreasonable or prejudicial postponement of sentence: Commonwealth ex rel. Konchick v. Ceraul, 197 Pa. Superior Ct. 171, 177 A. 2d 125.

In a non-capital case the lack of counsel is not of itself violation of any constitutional rights of defendant: Commonwealth ex rel. Johnson v. Burke, 174 Pa. Superior Ct. 119, 100 A. 2d 125.

Petitioner has offered no allegation warranting a finding that in the absence of counsel any ingredient of unfairness actively operated in the process that resulted in his confinement. Without such unfairness, petitioner's lack of counsel upon plea affords no grounds for relief: Commonwealth ex rel. Weigner v. Russell, 197 Pa. Superior Ct. 82, 177 A. 2d 148.

Finally, it appearing to the court that no issues of fact are raised requiring a hearing, and finding no legal grounds warranting the relief prayed for, the court makes the following

*Order*

And now, July 13, 1962, it is ordered that the petition be dismissed.