Commonwealth ex rel. Montgomery, Appellant, *v.* Russell.

Submitted June 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William C. Montgomery,* appellant, in propria persona.

*Frank B. Warfel,* District Attorney, for appellee.

OPINION BY RHODES, P. J., September 13, 1962:

Relator, William C. Montgomery, has appealed from an order of the Court of Common Pleas of Blair County dismissing his petition for writ of habeas corpus without a hearing.

Relator was charged with the commission of a number of crimes in Blair County during the year 1960. Indictments based thereon were prepared charging forgery, issuing fraudulent checks, and prison breach.

On October 10, 1960, relator appeared for sentence on his pleas of guilty having signed the indictments and a waiver of presentation to the grand jury. With the exception of sentence on the indictment charging prison breach, the sentences on the other indictments were to run concurrently for a term of not less than two years nor more than four years. He was not represented by counsel.

Relator's contention in his petition for writ of habeas corpus is that he was deprived of the right to counsel. In dismissing his petition for writ of habeas corpus, President Judge KLEPSER, for the court below, stated:

"A review of the case reveals that Montgomery signed a Waiver of Grand Jury and entered pleas of guilty to various indictments charging forgery and issuing fraudulent checks. There were eight indictments in all, including the charge of prison breach. On September 17, 1960, while incarcerated in the Blair County Jail, Petitioner escaped from the Prison and was captured shortly thereafter, which resulted in that indictment.

"The evidence presented shows that Petitioner was fully informed in open Court of his right to Counsel, the offer being made by both Court and District Attorney; that Petitioner definitely refused the offer of Counsel. This was all duly made a matter of record. We find that Petitioner was given every opportunity to be represented by Counsel. However, upon receipt of his Petition for the present Writ, this Court promptly appointed John R. Strawmire, Esq., to represent him, and Attorney Strawmire appeared throughout the present proceedings."

Relator was twenty-seven years of age. We find nothing in the record that would show that he is entitled to relief. There was no ingredient of unfairness that actively operated in the process that resulted in his confinement. See *Com. v. Jackson,* 193 Pa. Superior Ct. 631, 635, 165 A. 2d 392; *Com. ex rel. Weigner v. Russell,* 197 Pa. Superior Ct. 82, 85, 177 A. 2d 148.

Moreover, President Judge KLEPSER, on relator's pleas of guilty, fully adhered to the principle declared in *Johnson v. Zerbst,* 304 U. S. 458, 464, 465, 58 S. Ct. 1019, 82 L. Ed. 1461, 1466, 1467 (held applicable to asserted waivers of the right to counsel in state criminal proceedings, *Carnley v. Cochran,* 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70, 76) that "While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."

The order of the court below is affirmed.