## Commonwealth ex rel. Firmstone v. Myers

*Nathaniel Firmstone,* p.p. relator.

GREEVY, J., June 28, 1963. — Relator, Nathaniel Firmstone, has filed two petitions, one for the appointment of an attorney to assist him in the presentation of his case and the second one for the allowance of a writ of error coram nobis. We will consider the petitions seriatim.

The petition for the appointment of counsel presents the more difficult problem. It is now the law of the land that indigent defendants in a criminal prosecution in a State court have the right to have counsel appointed for them unless that right is competently and intelligently waived: Gideon v. Wainwright, 372 U. S. 335 (1963).

It has been the custom of this court, even prior to the Gideon case, to appoint counsel for indigent defendants whenever requested but now that assistance of counsel is mandatory and not discretionary for indigent defendants, certain guide lines should be established. We will speak only of noncapital cases because the capital cases are covered by statute. In noncapital cases, indigent defendants are not entitled to counsel as a matter of right until after the indictment is found. We so interpret the provision of the Sixth Amendment of the United States Constitution because it is only after an indictment found that a person's liberty or property is in jeopardy. After an indictment is found and a timely request made by an indi-

gent defendant, then counsel must be appointed for defendant.

The court is aware that in one of the concurring opinions in Gideon v. Wainright, supra, representation by attorneys seemed to be limited to the more serious crimes but since the sixth amendment does not make any distinction, we are of the opinion that in all criminal cases, excepting those of a summary nature, the indigent defendant that requests counsel is entitled to such assistance.

The next question that arises is how far must appointed counsel take his client's case. The appointed counsel should in the proper case seek the highest appellate review consistent with any trial errors that have been made. By this we do not mean to imply that every conviction must necessarily result in an appeal but each case must be dependent upon its own set of facts and circumstances.

Representation, like litigation, must sometimes cease. When appellate reviews in a direct line have been exhausted, then an indigent defendant is no longer entitled to court-appointed counsel, or to paraphrase Gray v. Sanders, 372 U. S. 368 (one voter, one vote), one appointment, one appellate review. This does not mean that counsel should never be appointed in any action which necessitates a collateral attack upon a conviction, and by collateral attack we are referring to the flood of habeas corpus and writs of error with which the courts have been deluged. In these collateral type actions the appointment of counsel should be discretionary with the court, dependent upon the facts of each case separately. In many cases a hardship is visited upon the attorney that is appointed to represent these indigent defendants, but this is necessary for the preservation of the constitutional right that is involved. Applying these principles to the instant case, we regard relator's present petition as a

collateral attack which is devoid of merit and hence deny his request for the appointment of counsel to represent him.

This is relator's fourth application for writ of error coram nobis. He has also made five applications for writs of habeas corpus and more recently petitioned for an appeal nunc pro tunc. The latter was dismissed by this court on April 12, 1963, and affirmed by the Superior Court of Pennsylvania on November 15, 1962. See Commonwealth v. Firmstone, 199 Pa. Superior Ct. 526.

The reasons set forth in the petition for writ of error coram nobis were twofold; first, that relator's conviction as a fourth offender was invalid in that it included two indictments in which he pleaded guilty when he was only 17 years of age and which he styled "juvenile convictions". (It is noted that the date of relator's birth, as shown on Classification Summary of Eastern State Penitentiary, is December 16, 1923, but whether the true date is 1923 or 1924 is immaterial.)

Under Pennsylvania law a minor between the ages of 16 and 18 may, at the discretion of the court, be treated as an adult and his case tried before the regular criminal court. See Commonwealth ex rel. Diggs v. Banmiller, 191 Pa. Superior Ct. 101. Therefore the relator's plea that the "juvenile convictions" are invalid is without merit.

This precise question was previously raised by relator in a prior application for writ of error coram nobis. See Commonwealth ex rel. Firmstone v. Myers, 184 Pa. Superior Ct. 1, certiorari denied, 355 U. S. 962.

Relator's second contention is that he "was denied the assistance of counsel for the three prior convictions which formed part of the bases (sic) of the convictions

relied on by the Commonwealth of Pennsylvania to classify him as a fourth felony offender."

In a supplemental letter to relator's motion, relator points out "that Gideon v. Wainwright, 372 U. S. 335; 83 S. Ct. 792, is retroactive rather than prospective as some judges seem to declare."

Whether or not the Gideon decision operates prospectively or retroactively is still a question. The Pennsylvania Supreme Court in an opinion by Mr. Justice Benjamin R. Jones, April 16, 1963, has held that it is not retroactive. Quoting from his opinion:

"Recently, (March 18, 1963), in Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, the United States Supreme Court held that all accused are entitled to the assistance of counsel in state criminal prosecutions and that the right to such counsel for all accused in state criminal prosecutions is a fundamental right guaranteed by the United States Constitution and the appointment of such counsel is essential to a fair trial. A reading of Gideon indicates that its application is *prospective* rather than *retroactive* and its requirement is that in the future all defendants in criminal prosecutions, state as well as federal, capital as well as noncapital, are entitled to the appointment of counsel. However, we do not interpret Gideon to require that a state court set aside the conviction of a defendant who lacked the assistance of counsel when he entered pleas of guilty more than thirty years prior to its ruling": Commonwealth ex rel. Craig v. Banmiller, 410 Pa. 584, pp. 587, 588.

However, the United States Court of Appeals, Fourth Circuit, in the case of Hall v. Warden, Maryland Penitentiary, 313 F. 2d 483, did not limit the decision of Mapp v. Ohio, 367 U. S. 643, to prospective operation.

And relator, in his supplemental letter dated June 21, 1963, received by this court on June 27, 1963, calls

our attention to "I would like to call to your attention the 18 cases handed down by U.S. Supreme Court on April 22, 1963, and one among them was Commonwealth v. Garner, 196 Pa. Superior Ct. 578, 176 A. 2d 177, which fits squarely within my case or vice-versa, and the conviction was vacated in light of Gideon v. Wainwright, also see Commonwealth ex rel. Weigner v. Russell, 197 Pa. Superior Ct. 82, 177 A. 2d 148; Commonwealth ex rel. Vecchiolli v. Maroney, 197 Pa. Superior Ct. 74, this one particular case dates back to 1937." In these cases the United States Supreme Court granted the certiorari, vacated the judgments and remanded the cases for further consideration in light of Gideon v. Wainwright (372 U. S. 766-770).

There is nothing in the record which indicates that relator had ever asked for and was denied counsel other than relator's own assertion. But the fact that he may not have had counsel at the times he pleaded guilty on the three occasions cited by him would have been at most an error of law and the writ of error coram nobis does not lie to correct errors of law. See Commonwealth v. Orsino, 197 Superior Ct. 306. The purpose of a writ of error coram nobis is to bring before the court which rendered the original judgment matters of fact, extrinsic of the record, which if known at the time the judgment was rendered would have prevented its rendition. See Commonwealth ex rel. Ramp v. Russell, 199 Pa. Superior Ct. 644; Commonwealth v. Ondrejcak, 181 Pa. Superior Ct. 102.

Therefore, whether the decision in Gideon is to be interpreted and applied retroactively or prospectively only is immaterial in the consideration of this petition for writ of error coram nobis.

Although it is immaterial, it is noted that a review of the relator's prior criminal record shows that there are seven convictions of crimes of the character set forth in The Penal Code, Act of June 24, 1939, P. L.

872, sec. 1108, 18 PS §5108. See Commonwealth ex rel. Firmstone v. Burke, 175 Pa. Superior Ct. 128, and especially note pp. 132-133.

Relator also asks that he be permitted to appear before this court. Where a petition or application itself, or where the record upon which it is based, or both together, fail to clearly make out a case entitling a relator to the relief for which he prays, a hearing is not necessary. There is no merit in relator's present petition and application and therefore relator's request to appear before this court is refused. See Commonwealth ex rel. Willis v. Myers, 200 Pa. Superior Ct. 453; Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489; Brown v. Allen, Warden, 344 U. S. 443.

### Order

And now, June 28, 1963, the court, after careful and due consideration, refuses to order the appearance of the relator, holds that a hearing is unnecessary, and denies relator's request for counsel to present his case, and orders and decrees that relator's petition for writ of error coram nobis be and is herewith dismissed and the prayer of the petition is denied.