(No. 29001.— )

THE PEOPLE ex rel. Everett Ross, Petitioner, vs. JOSEPH E. RAGEN, Warden, Respondent.

*Announcement made November 20, 1945.*

ORIGINAL PETITION for *habeas corpus.*

EVERETT ROSS, *pro se.*

GEORGE F. BARRETT, Attorney General, (EDWARD WOLFE, of Chicago, of counsel,) for respondent.

Per CURIAM: At a former term, on leave granted, relator filed his petition for a writ of *habeas corpus.* He alleged that he was unlawfully detained in the custody of respondent as warden of the Illinois State Penitentiary. Upon consideration the prayer of the petition was granted. The writ of *habeas corpus* was issued. Respondent has filed his return to the writ. The cause is now pending on the petition and respondent's return. Relator now presents a motion asking this court to appoint counsel to appear for him and to represent him in this proceeding. In the alternative he asks that he be brought before the court on the writ of *habeas corpus,* in order that he may be present on the hearing.

Under the ancient common law the courts exercised the power of assigning counsel for those accused of treason or felony to argue legal questions, only. Such counsel could only appear for that purpose. (2 Hawkins' Pleas of the Crown, chap. 39, sec. 4, p. 555; 1 Chitty on Crim. Law, 407.) The Bill of Rights in the constitution of 1818 (sec. 9, art. VIII) provided that "In all criminal prosecutions the accused hath a right to be heard by himself and counsel." Section 9 of article XIII of the constitution of 1848 contained the same language. Article VI of the Bill of Rights in the Federal constitution provides that "In all criminal prosecutions the accused shall enjoy the right * * * to have the assistance of counsel for his defense." By section 9 of article II of the constitution of 1870, it is provided, "In all criminal prosecutions the accused shall have the right to appear and defend in person and by coun-

sel." These constitutional provisions modified the rigor of the common law by extending the privilege of the accused to be heard by counsel on both the facts and the law. They still left the common law in force as to the power of the court to assign counsel. *Johnson* v. *Whiteside County,* 110 Ill. 22.

Section 2 of division XIII of the Criminal Code provides that "Every person charged with crime shall be allowed counsel and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense." This provision was a part of the laws of Indiana territory which, in 1809, the Governor and the Judges of the Illinois territory adopted as the laws of the Illinois territory, in so far as they were not local to the Indiana territory. (Pope's Revision of 1815.) The legislature, in 1819, re-enacted this provision and it has been continued in substantially the same language in every subsequent revision of the Criminal Code. Our criminal codes from the earliest period of our legislative history have provided that trials for criminal offenses shall be conducted according to the course of the common law, except as otherwise provided. (Ill. Rev. Stat. 1945, chap. 38, par. 736.) Section 2 of division XIII of the Criminal Code conferred no new power nor did it impose any additional duty on the courts. It only formulated the common law then in force. It left the law in all respects as it was previously under the common law. *Johnson* v. *Whiteside County,* 110 Ill. 22.

It will be noted that by the language of section 9 of article VIII of the constitution of 1818, section 9 of article XIII of the constitution of 1848, and section 9 of article II of the constitution of 1870, the guarantee is that the "accused" shall have the right to appear and "defend" by counsel in "criminal prosecutions." By the Federal constitution the right is also limited by substantially the same language to the right of the accused to have the assistance

of counsel in "criminal prosecutions." Under section 2 of division XIII of the Criminal Code, the right to have counsel appointed is extended to "every person charged with crime."

In *Vise* v. *County of Hamilton*, 19 Ill. 78, it was said: "In criminal prosecutions, the accused has the right to be heard, and to defend by himself and counsel, and such is the benignity of our institutions, that, lest the innocent suffer for want of proper defense, the court, in case of inability of the accused to obtain counsel, will appoint counsel for him, and may compel the counsel, as an officer of the court, subject to its authority, to defend the accused against unjust conviction."

By every constitutional and statutory provision, the right and duty of the court to appoint counsel for indigent persons is limited to criminal prosecutions in which the accused is charged with crime. The purpose of the guarantee of the right to appear by counsel is to prevent an unjust conviction of the accused in a criminal prosecution instituted and carried on by the State. It has no application to a civil proceeding for a writ of *habeas corpus*, instituted for the purpose of the enforcement of the civil right of personal liberty.

In *Ex Parte Bollman*, 4 Cranch 75, 2 L. ed. 554, it was said by Chief Justice Marshall: "It has been demonstrated at the bar, that the question brought forward on a *habeas corpus*, is always distinct from that which is involved in the cause itself. The question whether the individual shall be imprisoned is always distinct from the question whether he shall be convicted or acquitted of the charge on which he is to be tried, and, therefore, these questions are separated, and may be decided in different courts."

In a later case, the Supreme Court of the United States said: "The writ of *habeas corpus* is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because

of what is done to enforce laws for the punishment of crimes; but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of *habeas corpus* which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. If he fails to establish his right to his liberty, he may be detained for trial for the offense; but, if he succeeds, he must be discharged from custody. The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime." *Ex Parte Tom Tong,* 108 U. S. 556, 27 L. ed. 826, 2 S. Ct. 871.

This being a case involving only the enforcement of relator's civil right of personal liberty, separate and distinct from the criminal proceeding in which punishment for a crime was imposed upon him, he is not in the position of an "accused" in a criminal prosecution. The court is neither authorized nor empowered to appoint counsel to appear for him.

The motion is denied. The alternative motion is also denied, for the reason that it does not appear that any good purpose would be served by his presence. 29 C. J. p. 161, sec. 183; *People ex rel. Swolley* v. *Ragen,* 390 Ill. 106.

*Motions denied.*