Commonwealth ex rel. Johnson, Appellant, *v.*
Burke.

Submitted October 10, 1952, Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Albert Johnson,* appellant, in propria persona, submitted a brief.

*Thomas M. Reed,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee, submitted a brief.

OPINION BY GUNTHER, J., January 20, 1953:

Petitioner in this habeas corpus matter appeals from the dismissal of his petition and urges six reasons why he was denied due process of law. He had been tried by a judge without a jury in 1948 and was sentenced to 2½ to 5 years on the charge of aggravated assault and battery with intent to ravish and to 5 to 10 years on a charge of sodomy. The order will be affirmed.

There is no merit to appellant's first contention that he was refused the right to cross-examine Commonwealth's witnesses and was deprived the right of confrontation. Appellant was confronted by the two victims and through counsel, cross-examined them at

length. Commonwealth's third witness was interrupted by the trial judge, who had already determined that the evidence was overwhelming and that further testimony would be merely cumulative. Appellant was represented by able counsel long experienced in the trial of criminal cases who could have but did not cross-examine the Commonwealth's third witness.

Appellant also complains that he was forced to testify in his own behalf by the trial judge. The record discloses, however, that appellant voluntarily took the witness stand in his own behalf and denied the commission of these crimes in an examination conducted by his own attorney.

Appellant's next complaint is that the Commonwealth admitted at the trial that there was no evidence to sustain a conviction on the first charge, that of assault with intent to ravish. This is without merit, since the sufficiency of the evidence cannot be raised by habeas corpus. *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593.

Appellant complains that he was deprived of the right to be represented by counsel at the hearing in the court below on this habeas corpus petition. The purpose of a habeas corpus petition is to establish that petitioner is being improperly restrained of his liberty. The record discloses that appellant was represented by counsel at the time of his trial. Since the purpose of a habeas corpus petition is to prove lack of due process in the original trial, appellant has no standing to complain of his lack of counsel at a hearing on the habeas corpus petition itself. Appellant had no constitutional right to the appointment of counsel for a hearing on a petition for habeas corpus. *People ex rel. Ross v. Ragen,* 391 Ill. 419, 63 N.E. 2d 874.

Appellant also complains in his petition that, although admittedly represented by counsel at his trial,

said counsel was negligent and inefficient. This is a common complaint. However, there is absolutely no merit to this contention for at the hearing in the court below on this petition, appellant specifically admitted to the judge that his lawyer had ably represented him.

Appellant's last complaint is that the trial judge had before him appellant's previous criminal record before he imposed either verdict or sentence. This, at best, is but a trial error and could be attacked only by appeal. *Com. ex rel. Smith v. Ashe*, 364 Pa. 93, 71 A. 2d 107; *Com. ex rel. Marelia v. Burke*, supra.

Order dismissing petition for writ of habeas corpus affirmed.