UNITED STATES ex rel. SHOLTER
v. CLAUDY.

No. 10972.

United States Court of Appeals
Third Circuit.

Submitted April 7, 1953.

Decided May 6, 1953.

Appellant pro se.

Robert E. Woodside, Atty. Gen., of Pa., Edward L. Willard, Dist. Atty. of Centre County, Bellefonte, Pa., for appellee.

Before MARIS, GOODRICH and Mc-LAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

■ The relator, a prisoner in the Western State Penitentiary under sentence of a Pennsylvania court, appeals from an order of the United States District Court for the Western District of Pennsylvania denying his petition for a writ of habeas corpus. It appears that all but one of the contentions made by the relator in the district court had previously been made by him in a petition to the Court of Common Pleas of Centre County, Pennsylvania, and that the Court of Common Pleas, after a full hearing thereon, had found these contentions to be without merit and had denied the writ. It further appears that the relator appealed to the Superior Court of Pennsylvania which, after a full consideration of his contentions, affirmed the denial of the writ. Com. ex rel. Sholter v. Claudy, 1952, 171 Pa.Super. 442, 90 A.2d 343, allocatur refused by Supreme Court

of Pennsylvania, 171 Pa.Super. XXV, certiorari denied Sholter v. Claudy, Warden, 1952, 344 U.S. 881, 73 S.Ct. 179. The contentions thus raised are discussed in the opinion of the Superior Court of Pennsylvania and need not be further referred to here. It is sufficient to say that under the authority of Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 437, the district court was justified in denying the writ, with respect to these contentions, in view of the habeas corpus proceedings in the state courts. For we agree with the district court that those courts gave fair consideration to the issues raised and the evidence offered by the relator and reached a logical and satisfactory conclusion thereon.

■ As we have stated, the relator raised one new contention in the district court. It is that he was deprived of his liberty without due process of law, in violation of the Fourteenth Amendment, in that the Court of Common Pleas of Centre County denied his request for the appointment of counsel to assist him in presenting his petition for a writ of habeas corpus. It appears to be true that the Court of Common Pleas did decline to appoint counsel to prosecute the relator's petition for the writ although that court did appoint counsel to prosecute his appeal to the Superior Court. We are satisfied, however, that this refusal to appoint counsel did not amount to a denial of a constitutional right which would entitle the relator to relief on habeas corpus.

■ Although the Supreme Court has held that the Fourteenth Amendment requires a state to provide counsel for a defendant accused of crime in cases where unfairness would otherwise result,[1] it has never been held that the Fourteenth Amendment requires that a state must provide counsel for a prisoner who seeks through habeas corpus to secure his release from confinement under a prior judgment in a criminal proceeding. On the con-

1. Betts v. Brady, 1942, 316 U.S. 455, 471–472, 62 S.Ct. 1252, 86 L.Ed. 1595; Foster v. Illinois, 1947, 332 U.S. 134, 136–137, 67 S.Ct. 1716, 91 L.Ed. 1955; Wade v. Mayo, 1948, 334 U.S. 672, 684, 68 S.Ct. 1270, 92 L.Ed. 1647.

trary it is settled that a habeas corpus proceeding is not a criminal proceeding[2] and that the constitutional guarantee of the right of counsel for one's defense accordingly does not apply to it.[3]

The order of the district court will be affirmed.

2. Ex parte Tom Tong, 1883, 108 U.S. 556, 2 S.Ct. 871, 27 L.Ed. 826; Commonwealth ex rel. Master v. Baldi, 1950, 166 Pa.Super. 413, 72 A.2d 150.

3. Brown v. Johnston, 9 Cir., 1937, 91 F.2d 370, 372, certiorari denied 302 U.S. 728, 58 S.Ct. 58, 82 L.Ed. 563; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 877, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003; People ex rel. Ross v. Ragen, 1945, 391 Ill. 419, 63 N.E.2d 874, 162 A.L.R. 920 and note, certiorari denied Ross v. Ragen, 327 U.S. 801, 66 S.Ct. 900, 90 L.Ed. 1026; Commonwealth ex rel. Johnson v. Burke, 1953, 173 Pa.Super. 105, 107, 93 A.2d 876, 877.