387 P.2d 799

**Application of James DUTTON, for a Writ of Habeas Corpus.**

**James DUTTON, Appellant,**

v.

**Frank A. EYMAN, Warden, et al., Arizona State Prison, Appellee.**

No. 7215.

Supreme Court of Arizona,

En Banc.

Dec. 18, 1963.

James Dutton, pro. se.

Robert W. Pickrell, Atty. Gen., John A. Murphy and Philip M. Haggerty, Asst. Attys. Gen., for appellee.

JENNINGS, Justice.

James Dutton, appellant, petitioned the Superior Court of Pinal County for a writ of habeas corpus to secure his release from the Arizona State Prison where he is presently serving an indeterminate sentence imposed by the Superior Court of Pima County in November of 1956. From the denial of that petition, this appeal followed.

On November 22, 1956, appellant was convicted of robbery. The conviction was

affirmed in State v. Dutton, 83 Ariz. 193, 318 P.2d 667 (1957).

After denial of his motion for rehearing, appellant petitioned this Court for a writ of habeas corpus, which petition was denied. The United States Supreme Court refused certiorari.

Appellant, on July 4, 1958, and again on January 6, 1960, petitioned the United States District Court for the District of Arizona for a writ of habeas corpus. Both of these petitions were denied. A subsequent petition to the United States Supreme Court for a writ of certiorari was returned for failure to comply with the rules of that court.

Subsequent thereto, on April 4, 1960, appellant petitioned the Superior Court of Pinal County for a writ of habeas corpus. Not receiving any immediate reply, he petitioned this Court, which petition was denied on June 28, 1960. Following this denial the Pinal County Superior Court allowed appellant to have a hearing. That court similarly denied his petition and it is from that denial this appeal has been taken.

Appellant filed yet another petition with the Federal District Court for the District of Arizona. Pending this appeal, that petition was denied.

Appellant asserts that his constitutional rights were infringed in the following particulars: (1) that he was not allowed to communicate with court-appointed counsel to aid in the prosecution of the first petition filed with the federal court; (2) that he was denied the opportunity to communicate with legal aid societies to secure counsel to aid in petitioning the Pinal County Superior Court; (3) that he has been subjected to cruel and unusual punishment.

We need not delve further into the merits of appellant's first two contentions for the reason that the constitutional guarantee of the right of counsel does not apply to habeas corpus proceedings. United States ex rel. Sholter v. Claudy, 203 F.2d 805 (3rd Cir. 1953); Commonwealth ex rel. Johnson v. Burke, 173 Pa.Super. 105, 93 A. 2d 876 (1953); People ex rel. Ross v. Ragen, 391 Ill. 419, 63 N.E.2d 874, 162 A.L.R. 920 (1945).

We will not review appellant's final contention. The writ of habeas corpus may not be utilized for the purpose of correcting alleged mistreatment of a prison inmate by prison authorities subsequent to valid judgment and commitment.[1] State ex rel. Richter v. Swenson, 243 Minn. 42, 66 N.W.2d 17 (1954), certiorari denied 348 U.S. 893, 75 S.Ct. 225, 99 L.Ed. 702.

From a review of the record it cannot be said that appellant has been denied access to the courts. He has been allowed

1. For a possible remedy see Howard v. State, 28 Ariz. 433, 237 P. 203, 40 A.L.R. 1275 (1925).

to petition both the courts of this state and of the United States. Furthermore, the issues which we considered in denying appellant's petition on June 28, 1960, and the issues presented on this appeal are substantially the same. We find no reason for reversing the judgment of the trial court.

Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concurring.