**UNITED STATES of America ex rel. Jack LOPINSON**

v.

**Saul BOOKBINDER.**

Misc. No. 2892.

United States District Court
E. D. Pennsylvania.

Dec. 28, 1964.

A. Charles Peruto and Oscar Spivack, Philadelphia, Pa., for petitioner.

JOSEPH S. LORD, III, District Judge.

This is a habeas corpus proceeding. On July 13, 14 and 15, 1964, the Medical Examiner of Philadelphia conducted an inquest into two alleged murders. As a result of the inquest, relator was arrested. The District Attorney of Philadelphia County then presented witnesses to the grand jury on July 15. The grand jury returned two indictments against the relator charging him with the murders of Judith Lopinson and· Joseph Malito. As a result of these indictments, relator is presently detained.

On July 15, 1964, the relator filed a petition for writ of habeas corpus in the Court of Common Pleas No. 2 of Philadelphia County as of June Term, 1964, No. 3162, alleging defects in the Medical Examiner's hearing, the failure of the Commonwealth to prove a prima facie case and the denial of a preliminary hearing. The only testimony presented at the hearing on the petition before that court on July 28, 1964, was evidence of the crime. The court dismissed the petition on July 28, 1964.

A petition and rule to show cause why the writ of habeas corpus should not be reinstated were filed on August 4, 1964. The Commonwealth's motion to vacate the rule to show cause was granted on August 11, 1964.

Relator took no appeal through the state courts from the denial of his petition for habeas corpus, and his time for appeal has expired. 12 P.S. § 1136.

Relator now raises several grounds in his petition to this court for a writ of habeas corpus.

### Medical Examiner Hearing— Preliminary Hearing

Relator did attack in his state petition the Medical Examiner's hearing and the failure to provide a preliminary hearing. We hold that the defects alleged in connection with the Medical Examiner's inquest and the failure to provide a preliminary hearing are not now properly raised in a petition for writ of habeas corpus to the federal courts.

As to a state prisoner in relator's situation, the function of the federal habeas corpus proceeding is to call into question the constitutionality of the relator's present custody. 28 U.S.C.A. § 2241.

In McNally v. Hill, 293 U.S. 131 at pp. 136–139, 55 S.Ct. 24, at pp. 26–28, 79 L.Ed. 239 (1934), the Court, speaking of the writ of habeas corpus, said,

> " * * * The purpose of the proceeding defined by the statute was to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail and that only if his detention were found to be unlawful. In this, the statute conformed to the traditional form of the writ, which put in issue only the disposition of the custody of the prisoner according to law. There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law.
>
> * * * * * *
>
> "Wherever the issue has been presented, this Court has consistently refused to review, upon *habeas corpus*, questions which do not concern the lawfulness of the detention. * * * "

In Price v. Johnston, 144 F.2d 260, at page 261 (C.A. 9, 1944), the court said:

" \* \* \* It is well settled that a prisoner will not be discharged on writ of habeas corpus for defects in the original arrest or commitment, where there is sufficient ground for detention such as an indictment returned by a grand jury. A writ of habeas corpus is not like an action to recover damages for unlawful arrest or commitment but its object is to ascertain whether a prisoner can lawfully be detained in custody; and if sufficient ground for detention by the Government is shown, he is not to be discharged for defects in the original arrest or commitment. \* \* \* "

■ These cases, while not identical factually to the present case, are clear in the principle enunciated. For a short time relator was held pursuant to the order of the Medical Examiner. He is now, however, held as a result of the grand jury indictments (17 P.S. § 361) and any defects in the preliminary proceedings are at this time irrelevant.

In United States ex rel. Parker v. Myers, 233 F.Supp. 563 (E.D.Pa., 1964), we noted that a particular stage of the preliminary proceedings in a criminal case may or may not turn out to be "critical" depending upon its effect on relator's custody at the time of the petition. In that case the question was the effect of lack of counsel at the preliminary hearing on the relator's conviction based upon his plea of guilty. There we looked to the conviction, and since the preliminary hearing played no part in the plea, we held that the hearing was not a critical stage of the proceedings. In this case we look to the present basis of custody—the grand jury indictments.

Therefore, although the questions relating to the Medical Examiner's inquest and the failure to hold a preliminary hearing have been raised in the state petition, they are not now properly the subject of a habeas corpus petition because these alleged defects are not now the basis of relator's detention. Cf. United States v. Gray, 87 F.Supp. 436 (D.C.D.C., 1949).

Discovery and Bill of Particulars

■ The grounds relator raises of denial of motions for discovery and a bill of particulars are not now properly before this court. If it develops at trial that relator is not able to prepare adequately for his defense, or that a resulting conviction is in any other way tainted by a denial of these motions, relator may raise these questions at that time. Again, these matters are not the bases of his present custody and are not yet "critical."

Grand Jury Proceeding

Next, petitioner attacks the constitutionality of the state grand jury proceedings. Relator alleges he had no notice of the presentment of the indictments by the district attorney to the grand jury, that the presentment was made without leave of court and that relator had no opportunity to challenge the grand jury panel.

Relator attacked these proceedings in his motion to quash the indictments but did not raise the constitutional aspects of these issues. In his motion to quash the indictments he alleged that for other reasons his constitutional rights had been violated, but his attack on the grand jury proceedings, according to the petition, was based on state law.

■ Further, relator has not given the state appellate courts an opportunity to rule on the constitutionality of the grand jury proceedings. He states in his brief that a denial of a motion to quash an indictment is interlocutory. Relator still, however, has available the state collateral proceedings to raise his constitutional questions through the state court system. This he must do before this court will intervene. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). This case is not like United States ex rel. Mancini v. Rundle, 337 F.2d 268 (C.A. 3, October 8, 1964) in which the court said that once the constitutional question has been presented to the state courts, the relator need not seek collateral relief based upon the same evidence and issue. In that case the relator had given the Pennsyl-

vania appellate courts an opportunity to pass upon the questions. See United States ex rel. Mancini v. Rundle, 219 F. Supp. 549, 554 (E.D.Pa., 1963). Relator in the present case has not raised the constitutional question to any state court.

■ Relator cannot be heard to call into question the sufficiency of the evidence presented to the grand jury. See Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1955).

■ Even in the review of federal grand jury actions there is a strong presumption of validity of the proceedings. See, e. g., United States v. Nunan, 236 F.2d 576, 594 (C.A. 2, 1956). Here we must presume that the Commonwealth presented pertinent evidence to the grand jury similar to that elicited at the Medical Examiner's hearing. That evidence was sufficient to hold relator in custody. Under these circumstances, for a federal court on habeas corpus to inquire into the sufficiency of the evidence in the traditionally secret proceedings of a state grand jury would be a totally unwarranted incursion of federalism into state criminal practice.

### Disparity in Facts—Lack of Knowledge of Alleged Crime

Next, relator complains that the testimony of the witnesses at the Medical Examiner's hearing and before the grand jury related a different set of facts from the testimony at the state habeas corpus hearing on July 28, 1964. Relator also contends he has not been informed of the nature and cause of the accusations against him.

■ The indictment informs relator of the *nature* of the crime of which he is accused—murder with malice aforethought of Judith Lopinson and Joseph Malito in Philadelphia County on June 19, 1964. Perhaps the Commonwealth has not committed itself to the evidence which it will present dealing with the *manner* in which the crime was committed. This commitment is not required. Further, we reiterate what we said in relation to the questions of discovery and bill of particulars: questions of this sort are questions of fair trial. Relator

has not been tried. Only the grounds for his present detention may be attacked on habeas corpus.

### State Habeas Corpus Hearing

■ Relator alleges he was required against his will to go ahead with a habeas corpus hearing in the Court of Common Pleas No. 2 of Philadelphia without counsel after having withdrawn his petition. If the relator had raised in the state court and here meritorious constitutional questions, and if on those questions the state had denied him a full and fair hearing, we would be required to hear the matter *de novo*. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963). However, where, as here, the relator's grounds are not of constitutional stature, any unfairness of the state hearing on those grounds becomes academic and furnishes no ground for issuing the writ.

For the foregoing reasons, the writ will be denied.