Robert Clinton, pro se.

Charles H. Zimmerman, pro se.

**Robert CLINTON**

v.

**Charles H. ZIMMERMAN and The Attorney General of the State of Pennsylvania.**

**C.A. No. 84–3640.**

United States District Court, E.D. Pennsylvania.

Aug. 8, 1984.

MEMORANDUM OPINION
AND ORDER

WEINER, District Judge.

Presently before the court is a pro se petition for a writ of habeas corpus filed by petitioner Robert Clinton challenging his two to five year sentence for a conviction of robbery and burglary. Petitioner has since finished serving his sentence, and is currently serving an eight to twenty year sentence at the State Correctional Institution at Graterford for an unrelated robbery conviction and a one to two year sentence for simple assault, both sentences running concurrently.

**1400**

The United States Supreme Court has held that a pro se complaint by a prisoner must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

 Generally, any confinement in deprivation of due process of law can be examined on habeas corpus. *Comm. ex rel. Johnson v. Burke*, 173 Pa.Super. 105, 93 A.2d 876 (1953). The primary purpose of a proceeding in habeas corpus is to determine whether a prisoner is being unlawfully detained in contravention of the federal constitution. *U.S. ex rel. Lowery v. Rundle*, 326 F.Supp. 821 (E.D.Pa.1971). The function of habeas corpus proceeding is to determine the constitutionality of the prisoner's present custody. *U.S. ex rel. Lopinson v. Bookbinder*, 237 F.Supp. 180 (E.D.Pa.1964). The court in *U.S. ex rel. Dickerson v. Rundle*, 238 F.Supp. 218, (E.D.Pa.1965); *aff'd* 363 F.2d 126 (3d Cir. 1966), *cert. denied*, 386 U.S. 916, 87 S.Ct. 880, 17 L.Ed.2d 790 (1967), state as the ultimate purpose of habeas corpus:

> ... to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner. (citations omitted).

*Id.* at 221.

Since the petitioner in the case *sub judice* has completed the sentence for the conviction which he is challenging, and is no longer in custody for that conviction, the writ of habeas corpus is not a proper remedy. Therefore, the petitioner's application for issuance of a habeas corpus writ is dismissed.

Petitioner has filed a request for leave to proceed in forma pauperis. The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances. *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir.1976), citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir.1969). Petitioner has filed the required affidavit, which we have reviewed and have found sufficient to excuse his obligation to fund this action.